(39 Misc. Rep. 530.)

ROOT v. KELLEY.

(City Court of New York, General Term. December, 1902.)

1. PAYMENT—APPLICATION.
    Defendant executed five notes, equal in amount, payable at intervals of six months, with the provision that for each $500 paid by the maker to the payee on account of the principal of the notes the payee should deliver to the maker certain shares of stock. Before the first note matured, the maker delivered to the payee merchandise sufficient to pay it, which the payee applied to the last note against the maker's protest. Held, that it is a question for the jury, in an action by the payee on the first note, where the maker interposed a plea of payment, whether the maker ever acquiesced in the action of the payee in applying the merchandise to the last note.
2. SAME—NOTE.
    A payment of a note need not necessarily be made in money.

Appeal from trial term.

Action by Charles T. Root against Daniel J. Kelley. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McCARTHY, DELEHANTY, and SEABURY, JJ.

Einstein, Townsend, Guiterman & Shearn (C. J. Shearn, of counsel), for appellant.

Ludlow & McKnight (William G. McKnight, of counsel), for respondent.

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. § 1259.

DELEHANTY, J. The action is to recover a balance due upon a promissory note dated September 15, 1899, payable 18 months after date, made by defendant to the order of plaintiff. The note was the second of a series of five, each of similar date and amount, maturing, respectively, in.12, 18, 24, 30, and 36 months, delivered pursuant to a written agreement, and for a valuable consideration. The clause of the agreement defining the rights and liabilities of the respective parties thereto upon the payment of said notes, and which is pertinent here, is as follows (clause second):

"That for each five hundred dollars paid by the party of the second part to the party of the first part on account of the principal of said notes, in the order of their maturity, the party of the first part shall deliver to the party of the second part five hundred and fourteen shares of the common stock of said American Queen, and five hundred and fifty shares of the preferred stock of said American Queen."

The note in suit is the 18-months one, which matured on March 15, 1901. Prior to its maturity, plaintiff received from defendant merchandise of a value sufficient to cancel the same. Instead, however, of applying this merchandise in satisfaction of said note when due, plaintiff applied it to the last note of the series, not due until September 15, 1902, a year and a half later. It is not disputed that defendant protested to plaintiff at this procedure, and on receipt of the 36-months note returned the same to him, with a request for a transmission of the note next due, namely, the one in suit. Nor is there any claim that the plaintiff did not send back to defendant, as testified, the 36-months note, with the statement, "I have canceled the first and the last [notes], and I will take up the intermediate ones alternately." Defendant testified, however, that upon receipt of this communication he notified plaintiff that he did not agree that these notes be taken up out of their regular order; but plaintiff's testimony is to the effect that he had no recollection of ever receiving such a notice. At the proper stage of the trial defendant requested the court to dismiss the complaint, and for the direction of a verdict, which was denied, but the court did direct a verdict for the plaintiff for the full amount claimed; and from the judgment entered thereon, and from an order denying defendant's motion for a new trial, this appeal is taken.

The defense pleaded and urged upon the trial without objection was payment, and I think, in view of the record, that at least there should have been submitted to the jury, as requested by defendant, the question whether he ever acquiesced in the action of plaintiff in the application of the merchandise in question to the satisfaction of the last note. The defense of "payment," in its most restricted sense, is the discharge in money of a sum due (Bouvier L. Dict.); but in its most general acceptation it is the fulfillment of a promise, the performance of an agreement, the accomplishment of every obligation, whether it consist in giving or doing. It is not a technical term, and has been imported into law proceedings from the exchange, and not from law treatises. To prove payment, the party pleading it must show the payment of money, or something accepted in its stead. Bouvier L. Dict.; 2 Greenl. Ev. (13th Ed.) § 516. To pay

is to discharge a debt; to deliver a creditor the value of a debt, either in money or goods, to his acceptance, by which the debt is discharged. Beals v. Home Ins. Co., 36 N. Y. 522, 527. The undisputed evidence is that, before the maturity of the note sued upon, plaintiff received from defendant merchandise valued at an amount equal to the face value of said note, and that thereupon he satisfied the last note, instead of the one in suit, which was the one next to mature. This, in my opinion, was in violation of the agreement above referred to, unless there was a mutual waiver of the provisions thereof in respect thereto. That was a disputed question upon the trial, and the defendant was entitled to have the jury pass upon it, especially in view of his testimony that when he delivered the merchandise to plaintiff he told him to apply it on the notes as they fell due, as per the contract. It follows, therefore, that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.