458

## CALABRESE v. LOCKE, Deputy Commissioner.

District Court, S. D. New York.
July 24, 1931.

Robert I. Rogin, of New York City, for complainant.

George Z. Medalie, U. S. Atty., of New York City (Walter H. Schulman, of New York City, of counsel), for defendant.

### PATTERSON, District Judge.

Calabrese was employed by the Delaware, Lackawanna & Western Railroad Company. While unloading a barge in navigable waters, he fell from a plank to the deck of a carfloat, a distance of about four feet, striking his buttocks against a basket of cucumbers which he was carrying. He continued to work for a short time, and was then taken home, where he was treated for the injury to his buttocks. About four weeks later he was found to be violently insane. Proceedings in his behalf were commenced under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.). The fall and the blow on the buttocks were not disputed. The fact that Calabrese was insane within a month after the injury and will continue to be insane for life was not disputed. The Deputy Commissioner held, however, that the injury was not a proximate cause of Calabrese's insanity, and rejected the claim. The case comes before me to review this disposition of the matter by the deputy commissioner.

The part played by the courts in such proceedings is a narrow one. They cannot try the case de novo. They cannot weigh the evidence laid before the Deputy Commissioner and decide which adversary brought in the stronger proof. Their sole function is to say whether the Commissioner's action on the claim is "in accordance with law," in the words of the statute. The findings of the Commissioner or Deputy Commissioner are final, if supported by substantial evidence. Wheeling Corrugating Co. v. McManigal (C. C. A.) 41 F.(2d) 593; Joyce v. United States Deputy Commissioner (D. C.) 33 F.(2d) 218; Wilson & Co., Inc., v. Locke (C. C. A.) 50 F.(2d) 81.

A reading of the record before the Deputy Commissioner shows that there was substantial evidence negativing any causal connection between injury and insanity. Medical experts testified that Calabrese's insanity was due to senile psychosis; that the blow on the buttocks had nothing or very little to do with his condition. It is true that this diagnosis was contradicted by other experts, but here we get into the forbidden zone of weighing testimony. It suffices that the Deputy Commissioner preferred the testimony of the experts who placed the responsibility upon causes other than the occupational injury. The Deputy Commissioner also had the right to consider the probabilities of the case and to give weight to the fact that cases of insanity from a blow are extremely rare. Finally, it cannot be said as matter of law that he erred in concluding that Calabrese had exhibited symptoms of a deranged mind prior to the occupational injury.

It follows that the bill must be dismissed.