## IMPERATO v. LOWE, Deputy Compensation Commissioner, et al.

### No. 449.

District Court, E. D. New York.

April 13, 1940.

564

John B. Coppola, of New York City, for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of counsel), for defendant Samuel S. Lowe, Deputy Commissioner.

Lord, Day & Lord, of New York City (Woodson D. Scott, of New York City, of counsel), for defendant Commonwealth & Dominion Line, Limited.

CAMPBELL, District Judge.

This action was commenced on June 19th, 1939, to review an order of the Deputy Commissioner dated May 18th, 1939, denying plaintiff's application to reopen his claim.

The denial of the application to reopen was on the ground that the time within which such application could be made, under the provisions of Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, Title 33, Section 922, U.S.Code, 33 U.S.C.A. § 922, had expired before the application to reopen was made.

On January 7th, 1936, plaintiff sustained injuries while employed as a longshoreman by defendant Commonwealth & Dominion Line, Ltd.

Voluntary advance payments of compensation were made by the defendant between January 7th, 1936, and April 4th, 1936, in the sum of $226.28.

On April 29th, 1936, the United States Employees' Compensation Commission sent to plaintiff, and to the defendant Commonwealth & Dominion Line, Ltd., a notice that the case had been closed.

On October 22nd, 1936, plaintiff filed a claim for compensation with the Deputy Commissioner in consequence of disability and loss of time resulting from the aforesaid injuries, and a hearing was held by the Deputy Commissioner on November 20th, 1936.

Following that hearing a compensation order was made and filed by the Deputy Commissioner dated January 11th, 1937, awarding compensation to plaintiff of $275.14 covering the disability period found by the Deputy Commissioner to have resulted from plaintiff's injuries from January 7th, 1936, to April 22nd, 1936, which order directed that "the employer having already paid $226.28 of this amount, is now directed to pay $48.86 with which payment the case will be Closed".

The sum of $10 to be paid to Hyman Bernstein, Esq., plaintiff's then attorney, was made "a lien upon and deducted from payment of this award", and on January 26th, 1937, that sum was paid by the said defendant.

On February 2nd, 1937, defendant Commonwealth & Dominion Line, Ltd., informed the Deputy Commissioner that plaintiff had failed to call for the balance

of $38.86 due him pursuant to the compensation order dated January 11th, 1937.

On February 3rd, 1937, the Deputy Commissioner directed the defendant Commonwealth & Dominion Line, Ltd., to send plaintiff a check for the amount due to him.

During February and March, 1937, defendant Commonwealth & Dominion Line, Ltd., sent to plaintiff, on several different occasions, both by check and in cash, the amount due him.

On March 10th, 1937, and again on March 31st, 1937, the defendant, Commonwealth & Dominion Line, Ltd., sent $38.86 in cash to the plaintiff at his home No. 46 Carroll Street, Brooklyn, New York, but plaintiff failed and refused to accept the money tendered to him in legal tender, notwithstanding the fact that it represented the entire balance due to him pursuant to the compensation order dated January 11th, 1937.

On September 23rd, 1938, more than one year after .the balance of compensation awarded to plaintiff by the order dated January 11th, 1937, had been tendered to him, both by check and in cash at his home, as above mentioned, plaintiff made an application to the Deputy Commissioner for a review of the claim or a modification of the compensation order of January 11th, 1937.

The time for making an application to reopen the case under the provisions of Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, Title 33, Section 922, U.S.Code, 33 U.S.C.A. § 922, had long since expired, the latest date having been March 31st, 1938, as the act did not permit the Commissioner, that is to say the Deputy Commissioner, to reopen a compensation case at any time, unless made prior to one year after the date of the last payment of compensation.

The Deputy Commissioner set the application to reopen the case down for a hearing on March 28th, 1939, at which time the hearing was had.

The Deputy Commissioner in the meantime had requested the opinion of the Chief Counsel of the Commission, respecting the legal effect of claimant's refusal to accept the check and cash tendered to him, and had received an opinion that the delivery of currency to claimant constituted payment within the meaning of the act, regardless of the fact that the claimant refused to accept the money.

Proof of the tender of the amount due to claimant in cash on March 31st, 1937, as well as on the earlier dates hereinbefore mentioned, was made at the hearing before the Deputy Commissioner on March 28th, 1939.

Subsequent to the hearing held on March 28th, 1939, the Deputy Commissioner made an order dated May 18th, 1939, denying claimant's application to reopen the case, on the ground that the same had not been made within one year from the date of the last payment of compensation within the meaning of Section 22 of the said Act, supra.

This action was brought under Section 21(b) of the Act, supra, and under that section the order may be suspended or set aside "if not in accordance with law", but otherwise is final.

This case, as is required by law, was heard on the record made before the Deputy Commissioner. The decision of the Deputy Commissioner on the facts is final. Calabrese v. Locke, Deputy Commissioner, D.C., 56 F.2d 458; affirmed, 2 Cir., 69 F.2d 994.

On behalf of the plaintiff it is contended that the questions involved in this case are purely and simply questions of law, and that they are as follows:

(1) Should the word "payment" receive its natural and obvious meaning or should we resort to an artificial or forced construction and say that it means tender of payment?

(2) Does the fact that the Deputy Commissioner refused to permit the plaintiff's representative to inspect the hospital records and X-rays furnish an excuse for the delay in applying to reopen the case and thus take the case out of the statute?

Plaintiff, in his brief, has cited a number of cases as to the construction of the statute, which he contends show a wide difference between the words payment and tender.

It seems unnecessary to enter into any specific consideration of the cases cited, as none of them is in point.

The word "payment," as used in the statute now under consideration, must be construed as being met by a tender made of money which is legal tender,

for if that be not so, not only would the plaintiff be enabled to extend the period of limitation for a modification as long as he desired by simply refusing to accept the amount found due him, but, in addition to that he might, by his mere refusal to accept, bring down upon the employer the pains and penalties provided by Section 914, especially under subdivisions (e) and (f).

The obvious intent of the whole act is to provide payment of the sums provided by any order of the Deputy Commissioner at any early date, so that the claimant may receive the money when he needs it, and there are also further provisions found in Section 918, which penalize the employer if he does not make payment.

There is no way, known to me, whereby the claimant can be compelled to accept payment, without forcing it upon him, and therefore Congress must have intended that when payment was decreed the employer must make it, or tender it, and that the employer could not be subjected to pains and penalties, provided by the statute, if he, in good faith, tendered the amount due in legal tender to the claimant, and that payment itself was not prevented solely by the refusal of the claimant to accept it.

In this case payment was made by the tender of money, legal tender, in the full amount found by the Deputy Commissioner to the plaintiff, and plaintiff failed to receive the money solely by reason of his arbitrary refusal to accept it.

The tender of March 31st, 1937, was a final payment, under the terms of the act, and the Deputy Commissioner was without power to modify the order in question, unless application was made until September 23rd, 1938, which was more than one year after final payment.

This brings us to a consideration of plaintiff's second alleged ground for relief in this case.

On December 9th, 1937, which was within the one-year period, subsequent to the tender of March 31st, 1937, plaintiff's attorney wrote a letter to the defendant, the Deputy Commissioner, wherein he requested permission to inspect the hospital records and X-rays of the United States Marine Hospital, for the purpose of enabling him to make an application to reopen the case.

On the 12th day of December 1937, the defendant, the Deputy Commissioner, refused the request, indicating that he would not reopen the case.

This letter was, in no sense, an application to reopen the case, but merely a suggestion that an application might be made to reopen the case, and there was ample time between December 12th, 1937, and March 31st, 1938, in which the plaintiff could have requested the reopening of the case, if he so desired. This he did not do, but waited until September 23rd, 1938, long after the time within which to make application to reopen had expired.

The record was in existence, and had the plaintiff made application to reopen the case, the production of the Hospital records and X-rays to which he refers could have been required.

The plaintiff had X-rays of his own, and there has not been pointed out to me any provision of the act which required the production, or permission to plaintiff to inspect the hospital records and X-rays described by plaintiff's attorney, unless application to reopen the case was made, and the failure of the defendant, the Deputy Commissioner, to permit the plaintiff's attorney to examine the hospital records and X-rays, before any application was made to reopen the case, did not extend the time within which application to reopen could be made.

The defendants are entitled to a judgment against the plaintiff, dismissing the complaint herein, on the merits, but without costs.

Settle judgment on notice.

Submit proposed findings of fact and conclusions of law, in accordance with this opinion, for the assistance of the court, as provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the Civil Rules of this court.