No. 27,714.

ANTONE CHIKOWSKY, *Appellant*, v. THE CENTRAL COAL & COKE
COMPANY, *Appellee.*

(260 Pac. 620.)

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Review and Modification of Award—Voluntary Deposit Not Final Payment.* The voluntary deposit of an estimated lump sum on the 80 per cent basis with the clerk of the court at the time of making application for an order of redemption under the workmen's compensation law is not such final payment as is contemplated by the statute to prevent the injured workman from making subsequent application for review and modification of award when the installments are not being paid to the clerk under the terms of the award.

2. SAME—*Time for Filing Application.* An application for review and modification of an award under the workmen's compensation law should be heard and determined by the court if filed before final payment, even if it was filed after the filing of an application for an order of redemption.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed November 5, 1927. Reversed.

*C. S. Denison* and *E. V. Bruce,* both of Pittsburg, for the appellant.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.:   Antone Chikowsky, the appellant, on June 28, 1923, sustained accidental physical injuries arising out of and in the course of his employment by the appellee, the Central Coal & Coke Company, in one of its coal mines in Crawford county, Kansas, and on his application for compensation under the workmen's compensation law of Kansas an arbitrator was appointed by the district court of Crawford county.  On July 29, 1925, the arbitrator made an award, which was reviewed and modified by the district court on January 29, 1926, after hearing the applications filed for that purpose by both parties.  The award provided that the weekly compensation was to be paid to the injured workman "at the same time, place and manner as plaintiff received his wages while in the employ of said defendant."  The defendant regularly paid the plaintiff the

Payment, 30 Cyc. pp. 1184 n. 38, 1185 n. 53, 1186 n. 57.  Workmen's Compensation Acts, C. J. pp. 102 n. 94, 132 n. 76, n. 79.

weekly installments as modified by the decree of the court to and including September 27, 1926. On September 30 the company filed with the clerk of the district court an application for an order of redemption of award and caused notice of the hearing of such application to be served on appellant the same day. It deposited the same day $818.40 with the clerk of the district court as the amount of the lump sum calculated on the 80 per cent basis. The appellant did not assent to this amount or accept it as payment, but on the following day, October 1, 1926, filed his application for a review and modification of the award on account of his incapacity and disability having increased since the award was modified in January, 1926, and later filed an amended application for the same purpose and caused notice of the hearing of such applications to be served upon the company.

On February 7, 1927, all these applications came on for hearing before the judge of the district court, and after hearing the evidence concerning the application for redemption, he refused the offer of evidence in support of the amended application for review and modification of the award for the reason that plaintiff's applications for review and modification "were both filed subsequent to the filing of the defendant's application for an order of redemption of said award," and granted the application of the appellee for an order of redemption of the award in the sum of $818.40, directing it to be paid to the clerk of the court and ordering the release and discharge of the defendant company from the liability under the award.

The appeal of the plaintiff from this ruling presents two points in connection with the construction of the sections of the statute authorizing review and modification of awards and redemption of awards under the compensation act: First, Is a voluntary deposit of an estimated amount with the clerk of the district court where the award was originally filed and later modified such a payment as is contemplated by the statute? Second, When is it too late to file an application to review and modify an award? The following are the two sections involved:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction, upon the application of either party, . . . and the court shall hear all competent evidence offered, and if the court shall find that the award . . . is grossly excessive or grossly inadequate, or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such

Chikowsky v. Central Coal & Coke Co.

terms as may be just, by increasing or diminishing the compensation, subject to the limitations hereinbefore provided in this act. . . ." (R. S. 44-528.)

"Where payments under an award have been made for not less than six months, the liability under such award may be redeemed by the employer at his option by the payment to the workman of a lump sum equal to 80 per cent of the amount of payments due and unpaid and prospectively due under the award, such amount to be determined by agreement, or, in default thereof, upon application of either party, upon notice to the other party by the judge of the district court having jurisdiction. Upon paying such amount, the employer shall be discharged of and from all further liability under said award." (R. S. 44-531.)

The estimated amount of the lump sum in this case was exactly the same as the amount found by the court to be due on the 80 per cent basis, but there was no agreement between the parties as to the amount, and not until the court determined the amount could it have been said that it was the correct sum to be paid. The statute indicates the determination of the correct amount shall be reached by agreement or, in default thereof, by the judge of the court. Until such determination has been made, either by agreement or by the court, no estimated sum can be said to be the correct amount for settlement under the lump-sum plan. Again, the payment to the clerk of the court without any order of the court for such is purely voluntary and amounts to nothing more than a deposit, which the plaintiff is not required to accept or seriously consider.

"Merely depositing money due a creditor in a bank or with a third person for the creditor does not ordinarily constitute a payment before the creditor receives notice of the deposit. . . . A deposit in a bank to the account of the creditor is not a payment unless the creditor consents to the deposit as a payment." (30 Cyc. 1184.)

"The payment must be made at the place agreed upon unless both parties consent to a change of the place. In the absence of any agreement upon the subject, a debt is payable where the creditor resides, or wherever he may be found; and ordinarily the debtor, in such case, is bound to seek the creditor to make payment to him, provided the creditor is within the state when the payment is due." (30 Cyc. 1185.)

The award in this case provided when and where the payments were to be made and the statute provides that such designation shall continue until changed by the court.

"The payments shall be made at the same time, place and in the same manner as the wages of the workman were payable at the time of the accident, but a judge of any district court having jurisdiction, upon the application of either party, may modify such regulation in a particular case as to him may seem just." (R. S. 44-512.)

Unless we can conclude that such voluntary deposit with the clerk on September 30, 1926, is tantamount to a payment as contemplated by the statute, we cannot say that payment had been made by the company before the plaintiff filed his application to again review and modify the award. The section above quoted provides that he may make such application "at any time before the final payment has been made." The application to make final payment had been made, more than six months had elapsed from the date of the award, and the correct amount of money (as later determined) had been left with the clerk, but it was not until February 7, 1927, that the court determined the amount and directed it to be left with the clerk. The evident intention is to give either party the right to have the award reviewed and modified by making application for such any time before final payment, and we cannot conclude that such voluntary deposit is a final payment or that the application of the plaintiff for review and modification, filed one day later than such deposit, was too late to receive consideration of the trial court.

"What effect an injury will have on capacity to work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or may diminish beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either employer or employee. A modified award is still likely to rest on prediction, and if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made. . . . The modified award should be reviewed and modified, and the only time limitation stated in the statute for adjusting compensation to increased or diminished capacity is 'any time before final payment has been made.'" (Corvi v. Crowe Coal & Mining Co., 119 Kan. 244, 247-8, 237 Pac. 1056.)

"The statute contemplates that in the time named a change of conditions of the workman may occur, that is, the disability for which an award is made may diminish or increase, so that either party may be warranted in asking for a review and modification of the award. . . . Such a review and modification may be made at any time before the final payment has been made." (De Millsap v. Century Zinc Co., 123 Kan. 570, 573, 256 Pac. 136.)

The judgment of the trial court is reversed and the cause remanded with instructions to set aside the decree as to the order of redemption of award and hear the application for review and modification of the award.