No. 29,284.

THE CONSOLIDATED CEMENT COMPANY and THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, *Plaintiffs*, v. G. CLAY BAKER, as Commissioner of Workmen's Compensation, et al., *Defendants*.

(284 Pac. 415.)

Opinion filed February 8, 1930.

*J. E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, *H. M. Shughart* and *Lowell R. Johnson,* both of Kansas City, Mo., for the plaintiffs.

*G. Clay Baker,* of Topeka, for the defendants.

*Frederick G. Apt,* of Iola, as *amicus curiae.*

The opinion of the court was delivered by

MARSHALL, J.: This is another chapter to the litigation which found its way to this court in *Norman v. Consolidated Cement Company,* 127 Kan. 643, 274 Pac. 233. This is a proceeding in mandamus to compel G. Clay Baker, as commissioner of workmen's compensation, and G. Clay Baker, Harry C. Bowman and C. J. Beckman, the commission of labor and industry, to hear an application for a modification of an award for compensation made to Elmer Norman for injuries sustained by him while employed by the Consolidated Cement Company.

On September 16, 1927, Elmer Norman was employed by the Consolidated Cement Company, operating under the workmen's compensation act, and was injured on that date. He afterward filed a claim for compensation which was awarded to him. From that award, both he and the Consolidated Cement Company appealed to the district court. The matter was there heard, and that court found:

"1st. That the appeal of the claimant should be sustained.

"2d. That the claimant has suffered as the result of said accident the permanent loss of the use of his right leg.

"3d. That the average weekly wage of the claimant at the time of the injury was $25.25.

"4th. That said injury was the direct result of the employment of the claimant in and about the factory of the defendant, the Consolidated Cement Company, who was under the provisions of the workmen's compensation law of the state of Kansas.

"5th. That the claimant is entitled to receive 60 per cent of his average weekly wages for a period of 200 weeks, being the sum of $3,030.

"6th. That Dr. W. A. Thomas, of Moran, Kansas, the doctor of the claimant herein, should receive for his services as such doctor in treating the injury the sum of $100.

"7th. That the attorneys for claimant, Apt and Apt, should be allowed a lien upon the award herein made to claimant in the sum of $500 for attorneys' fees herein.

"8th. That the claimant is entitled to receive at this date the sum of $606, being the compensation due and payable from the 16th day of September,

1927, to June 23, 1928, and the balance, to wit, $2,424, to be paid weekly at the rate of $15.15 per week until the whole of said sum is paid.

"9th. That the defendants should pay the costs of this appeal together with the costs fixed and assessed by the public service commission in their award.

"10th. That the award herein made to the claimant is not and shall not be subject to section 28, chapter 232, of the Laws of Kansas of 1927.

"11th. That the appeal of the defendants should be denied."

The order of the court was in accord with those findings. From the order of the district court the Consolidated Cement Company appealed to this court. That appeal was dismissed February 9, 1929. (*Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233.)

On August 10, 1929, the Consolidated Cement Company and the insurance carrier, the Zurich General Accident and Liability Insurance Company, a party plaintiff to this action, filed an application with the defendants for a modification of the award and alleged that they were informed and believed that the defendants and the district court were misinformed as to the extent of Norman's injury, in that the knee was not then permanently stiff as a result thereof; that it was then greatly improved so that he had the use of the right knee and leg; that his incapacity had diminished; that he had returned to work for another employer; that he was able to use his leg and knee and was gaining an income equal to or greater than the wages he was earning at the time he was injured; and that Norman had recovered the use of his knee and leg. After notice had been given of a hearing to modify the award, the application was dismissed on the ground that there was no jurisdiction in the defendants to hear it. This action was then commenced to compel them to hear the application for a modification of the award. The answer to the alternative writ of mandamus sets out the findings of the district court on the appeal from the award of compensation and avers that there is no jurisdiction to hear the application for the modification of the award.

■ Did the defendants have jurisdiction or power to hear the application? This involves the interpretation of pertinent statutes.

Section 10 of chapter 232 of the Laws of 1927, the present workmen's compensation act, in part, reads:

"The amount of compensation under this act shall be: . . . For the loss of a leg, 60 per cent of the average weekly wages during 200 weeks . . . Permanent loss of the use of a finger, thumb, hand, arm, toe, foot or leg, or the permanent loss of the sight of an eye or the hearing of an ear, shall be equivalent to the loss thereof."

Section 28 of the workmen's compensation act provides for the review of an award by the commission upon good cause shown. The last clause of that section reads:

"*Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 10 of this act."

For the loss of a leg, compensation is fixed by the statute. The loss of the use of a leg is not a scheduled injury. What the statute does is to provide a measure to ascertain the amount of compensation when there is the permanent loss of the use of a leg. If an award is made on a finding that the use of a leg has been permanently lost and it finally develops that the use of the leg has not been permanently lost, is the finding conclusive? In other words, can the award be changed to meet conditions as they afterward develop? The statute does not intend to give compensation for the permanent loss of a leg when that loss has not been sustained. Here we have the judgment of the district court rendered on appeal. This court has said that such a judgment cannot be appealed to this court. (*Norman v. Consolidated Cement Co.,* supra.) The application for modification of the award alleges that the district court and the defendants were mistaken as to the condition of Norman's leg. If a mistake was made, can it be corrected? Section 28 provides for the correction of mistakes. The district court on appeal takes the place of the defendants. Does the fact that there is no appeal prevent the correction of a mistake when it has been shown that a mistake has been made? To so hold would be a strained construction of the statute. Section 28 of the statute contemplates that mistakes may be made, that conditions may change, that mistakes may be corrected, and that the amount of compensation may be changed to meet changed conditions.

In the tenth finding of fact the trial court said that the award made should not be subject to modification or review. That was a matter of law, controlled by the statute, and could not be concluded by any declaration of that court. The court could, after an appeal and trial, refuse to modify an award that had been made, but could not, under the circumstances disclosed in the present action, by judgment say that any award made by the court could not thereafter be reviewed or modified. The tenth finding does not preclude a modification of the award made by the court.

It follows that the writ should be allowed. It is so ordered.