EDWARD HARRIS, PROSECUTOR, v. INTERNATIONAL MOTOR COMPANY, RESPONDENT.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Turner & Stalter.*

For the respondent, *Isidor Kalisch.*

PER CURIAM.

The writ brings up for review the judgment of the workmen's compensation bureau, dismissing a petition upon the ground that it was not filed within the statutory period of one year, after the last payment of compensation.

The prosecutor was injured during the course of his employment with the respondent for which he was paid temporary compensation and full compensation for loss of his right foot. All of this was payable at $12 per week over a

period of three hundred and twenty-five weeks. These payments were made by checks covering periods of four weeks in each payment. The check covering payment for the last installment was dated January 4th, 1928, and covered the period from January 3d to January 31st, 1928. The last compensation payment was due on January 31st, 1928, but was paid in advance although there was no authorization for so doing by the workmen's compensation bureau. The petition in question here was filed January 23d, 1929.

The respondent contends that under that portion of section 5 (*Pamph. L.* 1918, *ch.* 149), "* * * or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation" must be construed to mean, in the case before us, that such one-year period commenced to run January 4th, 1928.

We do not so read or construe this provision but do find and hold that the prosecutor had thereunder, one year from the date when the last payment became due and payable, namely, January 31st, 1928, in which to file said petition. As this was done there was error below in dismissing the petition and such judgment is reversed.

Respondent further contends that although there was error in dismissing the petition upon the ground stated, the prosecutor-petitioner was not injured thereby because his petition is an original petition, while under the circumstances he could file one only for a review of the agreement for compensation under *Pamph. L.* 1919, *p.* 211, ¶ 21 (f). This is not so. The statute gives the right to file an original petition within a year after payments stop. *Herbert* v. *Hardware Co.*, 8 *N. J. Adv. R.* 487.

The judgment under review is reversed and set aside.