No. 35,063

GLEN T. BAILEY, *Appellee*, v. THE SKELLY OIL COMPANY, *Appellant*.

(110 P. 2d 746)

Opinion filed March 8, 1941.

*J. B. McKay*, of El Dorado, and *Hawley C. Kerr*, of Tulsa, Okla., for the appellant.

*Gale Moss*, of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a workmen's compensation case. The appeal is from the judgment of the district court allowing additional compensation to claimant on his petition for review and modification of an award previously made. Appellant contends the petition for review and modification was not filed or considered within the time authorized by statute. The pertinent facts bearing on that

question are as follows: On January 26, 1939, while claimant was an employee of appellant and both were operating under the compensation act he sprained or injured his back while lifting some heavy object. He filed a claim for compensation, dated March 21, 1939, setting up those facts and stating that he did not know the extent of his injury, but that it was temporary. On May 8 a hearing was had before the compensation commission, as a result of which he was allowed an award for total temporary disability for eleven weeks. From this award the claimant appealed to the district court, where there was a hearing, and on July 20, 1939, the court made an award based on nineteen weeks of total disability and a further period of eight weeks of temporary disability. All of the time of the disability had elapsed except two weeks. The judgment was that the amount due under the award to the date of the judgment should be paid in a lump sum and weekly payments for the partial temporary disability should be made on July 27 and August 3, 1939. No appeal was taken from this judgment.

On July 29 counsel for the claimant dictated a petition for review and modification of the award. This was mailed to the compensation commission, where it was received and filed on August 1, 1939. On July 31, 1939, the employer mailed its check to claimant for the final payment, due August 3. This check was received by claimant and cashed on August 1, 1939. This petition for review and modification was heard by the compensation commissioner on October 31 and November 28, 1939, and the decision of the commissioner denying claimant further compensation was rendered on December 11, 1939. From this the claimant appealed to the district court, and on August 8, 1940, the court made an award for total disability from August 3, 1939, to August 31 and for partial disability from August 31 to November 30. From these findings and decree the respondent has appealed.

The pertinent portion of the statute (G. S. 1935, 44-528) pertaining to a petition for review and modification of the previous award reads:

"At any time before but not after the final payment has been made under or pursuant to any award, . . . it may be reviewed by the commission upon good cause shown upon the application of either party, and . . . the commission shall hear all competent evidence offered and if it shall find that the award . . . is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award . . ."

Appellant contends the record clearly shows that the award made by the district court on July 20, 1939, was not "reviewed by the commission" before final payment thereof, which was made and received by the claimant on August 1; that in fact it was not reviewed until October 31 and November 28. The point is well taken if the wording of the statute is to be followed. On behalf of appellee it is argued that if the petition for review and modification is filed with the commission before final payment the hearing may be had on the petition after final payment. No authority is cited in support of that view and our own research discloses none. Statements may be found in a few cases to the effect it is essential that the petition to review and modify must be filed before final payment. (See *Chikowsky v. Central Coal & Coke Co.*, 124 Kan. 471, 260 Pac. 620.) But in that case, and in each of the others where similar language is found, the hearing on the petition was had before final payment; in fact, final payment had not been made when the case reached the supreme court. Hence it is clear the court did not have in mind a case in which the petition was filed before final payment and the hearing had after such payment. We have cases in which final payment was tendered and refused and later a petition to review and modify was filed and considered (*Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056), and jurisdiction to hear the petition was upheld. When final payment was accepted before the hearing on the petition the holding has been uniform that the commission was without authority to conduct the hearing and modify the previous award. (See *Yehle v. Stamey-Tidd Const. Co.*, 150 Kan. 440, 94 P. 2d 328; *Farr v. Mid-Continent Lead & Zinc Co.*, 151 Kan. 51, 98 P. 2d 437; *Jennings v. Aylward Production Co.*, 151 Kan. 142, 98 P. 2d 454, and cases cited in those opinions.) The view that the hearing and modification must be before final payment is made, conforms to the statute. Its language is clear on that point. The rights of the parties to have a review and modification of a previous award are governed by statute; the court has no authority to say such a review and modification may be had under circumstances in addition to those named in the statute.

The most favorable position for the appellee is that the final payment was accepted at the same time the petition for review and modification was filed. Both events were on the same day, there was no attempt to show which was actually first in time (*State, ex rel., v. Bone*, 125 Kan. 818, 834, 835, 266 Pac. 85), hence it cannot

be said that the petition was filed before final payment. From a legal point of view matters occurring on the same day are regarded as having occurred simultaneously unless there is some provision by statute or otherwise that fractions of the day, or the time within the day, should be noted or taken into account. There is no such requirement in the statute under consideration, hence there is no legal basis for saying the petition was filed before final payment was made. Moreover, the statute says nothing about the time of filing the application as compared with the time of final payment.

In view of the conclusion reached it is not necessary to discuss another question argued in appellant's brief. The judgment of the trial court will be reversed with directions to render judgment for the appellant here. It is so ordered.