**IMPERATO v. LOWE, Deputy Com'r.**

**No. 38.**

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

John B. Coppola, of New York City, for plaintiff-appellant.

Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y. (Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., on the brief), for defendant-appellee Samuel S. Lowe, Deputy Com'r.

Woodson D. Scott, of New York City (Lord, Day & Lord, of New York City, on the brief), for defendant-appellee Commonwealth & Dominion Line, Ltd.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The question here presented is whether or not "tender" is equivalent to "payment" under the Longshoremen's and Harbor Workers' Compensation Act, § 22, 33 U.S.C.A. § 922, limiting the period during which a party may seek the reopening and review of an award of compensation under the act to "any time prior to one year after the date of the last payment of compensation."

From the agreed facts it appears that appellant was injured on January 7, 1936, while employed as a longshoreman by appellee Commonwealth & Dominion Line, Ltd., and that after the payment of voluntary compensation for a period he sought a hearing before the United States Employees' Compensation Commission, which, through appellee Lowe, Deputy Commissioner, made an award on January 11, 1937, requiring the payment of additional compensation of $48.86—$10 to appellant's then attorney and the balance of $38.86 directly to appellant. Thereafter the employer-appellee made the required payment to the attorney and then attempted on several occasions to pay the balance to appellant both by check and in cash, and specifically on March 10 and again on March 31, 1937, tendered cash to him by messengers at his home in Brooklyn. Appellant has, however, refused all such tenders and has never accepted the money.

On December 9, 1937, appellant's present attorney wrote a letter to appellee Lowe requesting permission for a doctor to inspect the hospital records and X-rays of the United States Marine Hospital in the case, stating that he had been retained to reopen the case because his client felt aggrieved at not receiving proper compensation. Appellee Lowe responded that, though the letter was not in form an application to reopen, only a preliminary detail in that direction, he would take the opportunity of advising that the issues had been completely and carefully considered and the case closed on the basis of the best medical evidence possible, and that therefore it must "remain in its present closed status." On September 23, 1938, appellant made application to Lowe for review of his claim pursuant to the above statute; and after a hearing wherein proof of the tender of the amount due was established as herein stated, Lowe made an order dated May 18, 1939, denying claimant's application, on the ground that it had not been made within the required one year. Thereupon appellant brought this action under 33 U.S.C.A. § 921(b) to suspend and set aside this order. The district court dismissed the complaint, upholding the Commissioner's ruling that tender was equivalent to payment under the act, and that the time for seeking reopening of the case had therefore expired. 32 F.Supp. 563.

We think this conclusion was correct. Any other result would nullify the obvious purpose of the statutory words quoted above to provide a period of limitation and a time of rest and repose for actions taken under the act. The words in question appear as part of a section giving power to a deputy commissioner to modify an award he has made and first appeared as an amendment to the section in 1934. In 1938, the section was again amended to incorporate an additional provision of limitation to "one year after the rejection of a claim" and without change of the earlier limitation. 33 U.S.C.A. § 922, as amended May 26, 1934, c. 354, § 5, and June 25, 1938, c. 685, § 10. This latest amendment further emphasizes the legislative intent to provide for a period of final repose when the substantive requirements of the law have been carried out. To hold that merely by refusal of the benefits legally awarded him under the act one party to an award alone may prevent the operation of this statute would make it a useless thing.

This conclusion is supported by other provisions of the act. Thus serious penalties under the act may be incurred for failure to make the payments required, including an additional 10 per cent on installments of compensation payable without an award, and 20 per cent on installments payable under an award. 33 U.S.C.A. § 914(e) and (f). Upon appellant's interpretation of payment, he could substantially increase his compensation by his own default in observing the award. That so literal an interpretation of payment was not in the

minds of the legislators is also shown by 33 U.S.C.A. § 918, dealing with the collection of "defaulted payments," wherein is established a machinery for the collection of "the payment in default."

Moreover, the view adopted below appears in line with general conceptions of payment, such as in the Legal Tender Acts, providing for "legal tender in payment of all debts," etc. 31 U.S.C.A. §§ 451–454, 456 –462; Bronson v. Rodes, 7 Wall. 229, 250, 19 L.Ed. 141, 146. Compare Shientag, J., in Charles R. Ablett Co. v. Sencer, 130 Misc. 416, 418, 224 N.Y.S. 251, 254, that "payment is not a technical term," but one which "has been imported into law proceedings from the exchange, and not from law treatises," citing Mr. Justice Maule in Maillard v. Duke of Argyle, 6 Man. & G. 40. "A legal tender is equivalent to payment as to all things that are incidental or consequential to the debt." Herrick, J., in Wright v. John A. Robinson & Co., 84 Hun 172, 177, 32 N.Y.S. 463, 466. See, also, O'Donnell v. Chamberlin, 36 Colo. 395, 400, 91 P. 39, 41, 10 Ann.Cas. 931; Leet v. Armbruster, 143 Cal. 663, 670, 77 P. 653, 655; Root v. Kelley, 39 Misc. 530, 532, 80 N.Y. S. 482.

Appellant, in his attempt to restrict the legislative language to a purely literal meaning, relies on certain formal rules of statutory construction. Whether these are at best more than makeweights to rationalize decision otherwise made may perhaps be doubted; at any rate, their impact herein is not obviously in favor of appellant's claim. Thus it is suggested as a rule that a term of inferior rank does not include a superior, which might even suggest a broader meaning to payment as being the superior or more general term. Again he says that the later amendment did not change the provision here involved; but, as suggested above, the successive amendments to this statute would seem to indicate a continuing intent to fashion a real statute of repose. That this particular provision was not then cast in more precise language suggests no more than that the legislators had no occasion to and did not think of the more limited meaning of "payment" here claimed. Finally he asserts that statutes of limitation must be strictly construed, as against which appellees cite authorities supporting the beneficent purpose of limitation statutes. Lewis v. Marshall, 5 Pet. 470, 477, 8 L.Ed. 195, 197; Pillow v. Roberts, 13 How. 472, 477, 14 L.

Ed. 228, 231. All this we think is not greatly enlightening and in any event does not force us to go against the obvious purpose of the legislation.

That the application for inspection of the X-ray negatives was refused has no bearing on the result. Appellant had his own X-rays and hardly needed the hospital exhibits in making his application to reopen. Had he once made his application he could have secured the production of these exhibits. The informal letter of request was obviously not intended, and was not treated by the Commissioner, as itself an application to reopen.

Affirmed.