No. 36,216

BRAD WILLIAMS, *Appellee*, v. LOZIER-BRODERICK & GORDON and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellants.*

(154 P. 2d 126)

Opinion filed December 9, 1944.

*James K. Cubbison,* of Kansas City, argued the cause, and *Howard Payne,* of Olathe, and *Blake A. Williamson* and *Lee Vaughan,* both of ·Kansas City, were on the briefs for the appellants.

*Joseph Cohen,* of Kansas City, *Clayton Brenner,* of Olathe, and *N. R. Fischer* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding wherein the respondent and the claimant each filed an application for review and modification of an award of workmen's compensation. The commissioner of workmen's compensation denied a review and modification. On appeal the district court reversed the order of the commissioner denying a modification and ordered the respondent to pay claimant compensation at the rate of eighteen dollars for seventeen weeks and to furnish the claimant with medical treatment in an amount not exceeding $500. The respondent has appealed to this court.

The original award was made January 14, 1943. The commissioner found that the claimant had been temporarily totally disabled for a period of thirty-four weeks commencing September 10, 1942, and that he was entitled to eighteen dollars a week for that period

of time. At that time there was eighteen weeks' compensation due the claimant under the award. That was paid in a lump sum of $324. The balance of the compensation was ordered paid claimant at the rate of eighteen dollars a week until fully paid or until May 5, 1943. The award further ordered that claimant be furnished medical treatment in an amount not to exceed $500 to cover the cost of treatments recommended. No appeal was taken from the award and it became final subject to review and modification. Some time thereafter the respondent filed an application for a review of the award in which it recited that it had paid the compensation up to January 22, 1943, and had tendered the claimant medical services, and that claimant had not accepted or offered to accept these treatments. The application for review further stated that this refusal was not reasonable and was prejudicial to the obligations of the respondent and on account of the refusal of treatment by claimant his condition had materially changed and that the respondent should be relieved from the obligation of rendering any treatment to him. The application further alleged that the claimant was not necessarily disabled over the whole period of thirty-four weeks, as awarded by the commissioner.

On August 18, 1943, the claimant also filed an application for modification and review of the award, alleging as ground therefor that he was still incapacitated and had been under treatment for his disability and had been totally disabled since the date of the accident up to the time of filing that application.

The commissioner of workmen's compensation held a hearing upon these two applications and found that the evidence did not warrant an increase in the award of compensation made and granted the application of the respondent for termination of the compensation granted. This award was appealed to the district court. That court read the record and made findings of fact on matters about which there is very little dispute. Amongst other things the court found as follows:

"6. The accidental injury received by claimant on September 3rd, 1942, arose out of and in the course of his employment with the respondents, Lozier, Broderick & Gordon, and as a result thereof, he was temporarily, totally disabled for a period of 34 weeks, commencing September 10th, 1942, one week after said accidental injury.

"7. Claimant is entitled to compensation for a total period of time not exceeding 34 weeks, payable at the rate of $18 per week, subject to review and modification as provided by law.

"8. Claimant is entitled to receive medical treatment for which a sum not exceeding $500 is allowed."

The court ordered the respondent to pay claimant compensation at the rate of eighteen dollars per week for a period of thirty-four weeks and that the sum of $324 be paid in one lump sum less any sums that had heretofore been paid by respondent. The balance of the compensation so awarded was to be paid at the rate of eighteen dollars a week from the date of the judgment, subject to the claimant's submission to proper and adequate treatment for any physical disabilities that grew out of or were augmented by the accident or injury.

Subsequent to this the claimant filed a motion to amend that judgment. In this motion claimant alleged that the respondent had tendered claimant the sum of $306 purporting to be the balance due the claimant; that claimant had advised respondent that he refused to accept full payment but would accept all payments except the final one since the claimant did not want to be foreclosed from filing another application for modification of the award.

The trial court, pursuant to this motion, found as follows:

"The accidental injury received by Claimant on September 3rd, 1942, arose out of and in the course of his employment with the Respondents, Lozier, Broderick & Gordon, and as a result thereof, he was temporarily totally disabled for a period of 34 weeks, commencing September 10th, 1942, one week after said accidental injury."

The court further found that claimant was entitled to compensation for a total period of not exceeding thirty-four weeks at the rate of eighteen dollars a week and that because claimant did not submit himself for treatment by the physicians employed by respondent, as ordered by the commissioner in his award of January 14, 1943, his compensation should be suspended from that date and should not commence until the date of the judgment of the court, and that from and after the date of the judgment the respondent should pay the balance of thirty-four weeks that had not been paid theretofore and that this amount should be paid providing claimant submitted himself for medical treatment; that during the seventeen weeks that remained for the payment of the award medical treatment should be furnished claimant by the respondent and at the end of that time a determination would be made on proper application by the workmen's compensation commissioner as to the condition of the claimant after treatment had been given him. Judgment was

entered to that effect. From the above judgment this appeal has been taken.

At the outset it should be noted that no appeal was taken from the original award and it had become final except for the provisions of G. S. 1935, 44-528. That section provides, in part, as follows:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commission upon good cause shown upon the application of either party, . . . that the award has been obtained by fraud or undue influence, or that the committee, or arbitrator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act."

Pursuant to that statute, the claimant and respondent filed applications to which attention has already been called. As has been noted, the claimant alleged some eight months after the date of that award that he was still incapacitated and had been under treatment for his disability and was still totally disabled. On the other hand, in its application for a modification of the award the respondent alleged that the claimant had not submitted himself to medical treatment as he was ordered in the award and that by reason of the delay in taking treatment his condition had changed from what it was at the time of the accident.

The respondent further alleged in fact that the claimant would not have been disabled for thirty-four weeks if he had accepted treatment. \

This is the issue of fact which was submitted to the commissioner of workmen's compensation. The commissioner realized that this was the issue and found as a matter of fact that the evidence did not warrant an increase in the amount of the compensation. This finding of fact was tantamount to a finding that the allegations of the claimant in his application for modification were not sustained. Since the period of thirty-four weeks, for which compensation was originally ordered, had passed, the application of the respondent for termination of the compensation was granted.

On appeal in the district court the same issue of fact was presented, that is, had the condition of the claimant grown worse and had his disability become greater after the rendition of the original award? Upon that issue of fact the court found the claimant was

temporarily totally disabled for a period of thirty-four weeks. It should be noted that this finding was not an attempt by the court to arrive at a judgment as to what the disability of the claimant would be in the future. It was a finding as to a past condition. The injury had occurred more than thirty-four weeks before the rendition of this judgment. It was a finding in effect that the claimant was not disabled at all at the time of the judgment because the issue of fact was whether or not he had grown worse and the trial court found the present facts to be exactly as the commissioner of workmen's compensation had forecast them for the future, that is, temporary total disability for a period of thirty-four weeks.

There is a profound reason for the inclusion of G. S. 1935, 44-528 in the workmen's compensation act. By the very nature of things the tribunal to which the question of the extent of the liability is presented in the first instance must attempt to look into the future and make a conjecture as to how long the claimant will be disabled. The commissioner and judge of the district court are not soothsayers. They can only take the evidence and make a finding based on it as best they can. Human nature being what it is and medical science not being perfect, it is conceivable that a claimant may not be as badly disabled a few weeks after the hearing as he seemed to be at the time the award was made. On the other hand, his condition might grow worse. Either one of these things could happen and still claimant, witnesses, court and everyone else be in perfect good faith. To meet such a situation was the purpose of G. S. 1935, 44-528. It safeguards the welfare of the claimant as well as the respondent. There must be an end to litigation and liability, however, so the very first provision was written into the section, that is, this application for review must be made before final payment of the award and cannot be made after final payment.

Claimant realizes this and states that he asked that the original journal entry be corrected because it provided that the remaining payments due be paid at once. Enough time had elapsed since the award so that all the payments were due. He stated in his motion to amend and correct the original journal entry that he intended to postpone the making of the final payment so that he could make another application for review and modification after taking the medical treatments ordered. This position would be sound if the trial court had made a finding as to the facts that would support such a conclusion. The trial court found, however, that as a result

of the accidental injury on September 3, 1942, claimant was totally disabled for a period of thirty-four weeks, commencing September 10, 1942. This period ended May 5, 1943. The finding of the court was made in May, 1944, a year later. The pleading upon which this finding was made alleged that claimant was still disabled. The claimant makes a moving argument in this court that he is still disabled. If so, it is regrettable. The commissioner of workmen's compensation and the trial court passed on this question and found in effect that his disability had ceased. The judgment entered by the trial court is not sustained by the facts found. What has been said about the postponement of the payments applies with equal force to the order for medical treatment. The findings do support that part of the judgment that the seventeen weeks compensation already accrued should be paid claimant. It is due and should be paid in one lump sum.

The judgment of the trial court is reversed with directions to proceed in accordance with this opinion.