No. 37,423

THOMAS CLYDE HARDIN (Claimant), *Appellee,* v. BECK MINING COMPANY (Respondent), *Appellant.*

(199 P. 2d 186)

Opinion filed November 13, 1948.

*John R. Wallace* of Miami, Okla., argued the cause, and *Marc Boss, Fred A. Walker,* both of Columbus, *A. C. Wallace* and *Ben T. Owens,* both of Miami, Okla., were with him on the briefs for the appellant.

*Pete Farabi,* of Pittsburg, argued the cause, and *Sylvan Bruner, Morris Matuska,* both of Pittsburg, and *Joe L. Henbest,* of Columbus, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a claim for compensation under the workmen's compensation act. The compensation commissioner found against the claimant and for the respondent. On appeal the district court made an award in favor of the claimant. The respondent has appealed.

The district court found that the claimant was totally disabled and would be totally disabled for a period of one hundred weeks from May 6, 1947. The court found that it was an extreme case and that the claimant was entitled to medical and hospital treatment in an amount not to exceed $750, less $47.10, which had already been expended by the respondent for medical care. The only questions argued by the respondent are that there was insufficient evidence to establish that claimant's disability and lack of earning

capacity was greater subsequent to the alleged accidental injury than it was prior to the alleged injury; that there was no evidence to base a finding that the claimant would be disabled for one hundred weeks and on which to award compensation therefor; and there was insufficient evidence upon which to find it to be an extreme case and to award medical and hospital treatment in the amount of $750 or as much thereof as should be actually expended therefor.

Respondent first states the award was made pursuant to G. S. 1935, 44-510 (22). That section provides as follows:

". . . In case of temporary or permanent partial disability not covered by schedule the workman shall receive during such period of temporary or permanent partial disability not exceeding 415 weeks, 60 percent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury in any employment. . . ."

Following the language of that statute, the respondent points out it was claimant's burden to prove how much he was earning prior to the injury and how much he was able to earn thereafter. Based on that theory he argues that the evidence did not establish how much claimant was earning even though he was receiving, as admitted by all parties, $50.57 a week. In this connection respondent refers to evidence throughout the record of other claims made by claimant against other employers and an action for damages brought against a former employer.

The trouble with that argument is the award was not made under the section to which respondent refers. That section relates to temporary or permanent partial disability. The award was made under G. S. 1947 Supp. 44-510, (3), (b). That section provides, in part, as follows:

"(b) Where temporary total disability results from the injury no compensation shall be paid during the first week of disability, except that provided in paragraph 1 of this section, but after the expiration of said first week payment shall be made in accordance with the provisions of this act, during such temporary total disability of a sum equal to sixty percent of the average weekly earnings of the injured workman, computed as provided in section 44-511 of the General Statutes Supplement of 1945 and any amendments thereto, but in no case less than seven dollars per week nor more than twenty dollars per week:"

The court found pursuant to that section that claimant would be temporarily totally disabled for one hundred weeks. The formula provided for such disability is sixty percent of the average weekly

earnings of the injured workman. It has been uniformly held that what he was receiving was the test as to his former earnings.

As to the evidence that the workman would be totally disabled for one hundred weeks, there was testimony of a doctor to that effect. That was sufficient to sustain the award. The doctor called by the claimant testified that in his opinion claimant would be totally disabled and that the period of time he would be so disabled would be indefinite. He found muscle spasticity in the lumbar region of the back on both sides, and tenderness and percussion of the spinous processes of thoracic twelfth, and lumbar one and two; that the nerve stretching tests were mildly positive on the left; that there was a diminished sensation in the lumbar four on the left and the lumbar five on the right, and that there was a slight tilt and faulty mechanics in the lumbo-sacral mechanism and some loss of the lateral lumbar curve. It was his opinion that claimant probably had nerve root pressure which was probably caused by more than one protruded intervertebral disc.

The duration of the disability of the injured workman is a question of fact for the trial court to determine. (See *Cowan v. Kerford Quarry Co.*, 146 Kan. 682, 685, 72 P. 2d 999; also, *Larrick v. Hercules Powder Co.*, 164 Kan. 328, 332, 188 P. 2d 639.)

The doctors naturally are not able to tell exactly how long a disability of a person will last. The compensation law takes care of that, however, by providing for review of an award at any time before final payment. (See G. S. 1935, 44-528.) This section was available to respondent at any time before the expiration of one hundred weeks.

As to the finding of the trial court that it was an extreme case and claimant was entitled to additional medical care up to $750, less the amount that had already been paid, the award does not require that this $750 shall be paid whether expended or not. The law requires that as much of it shall be paid as is necessary for the workman to be treated properly and adequately. (See G. S. 1947 Supp. 44-510.)

That means that if at the time of the award it appears to the court that additional medical attention will be required, the respondent should be required to pay that rather than that the workman be required to pay for medical attention out of the amount received as compensation in this case.

A doctor testified that claimant would need additional medical care. Such is sufficient evidence to sustain the award.

The judgment of the trial court is affirmed.