**BAJERCZAK v. B. H. SOBELMAN & CO. et al.**

**Civ. A. No. 9450.**

United States District Court
E. D. Pennsylvania.
Nov. 17, 1949.

Raymond J. Porreca, Philadelphia, Pa., for plaintiff.

Raymond A. White, Jr., Philadelphia, Pa., for Sobelman and U. S. Casualty Co.

Gerald A. Gleeson, U. S. Attorney, Philadelphia, Pa., James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., for Samuel S. Lowe.

GANEY, District Judge.

This is an action brought by the plaintiff to obtain judicial review of a compen-

sation order filed by Samuel S. Lowe, Deputy Commissioner, on February 7, 1949, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., in which the Deputy Commissioner dismissed the application of the plaintiff for review under Section 22 of said Act for injury and disability sustained while in the employ of the defendant, B. H. Sobelman & Company, on or about August 18, 1941.

On August 18, 1941, the plaintiff was injured while in the employ of B. H. Sobelman & Company, and after conferences with the defendant, its insurance carrier, claimant and his attorney, in the office of the Deputy Commissioner, a written Memorandum was filed on June 4, 1943 directed to all parties, stating, inter alia: "At the said conferences it was recommended that the carrier pay to the plaintiff compensation * * * at the rate of $18.00 per week * * * a total of 257 weeks * * *". Under this recommendation the said period of 257 weeks would have elapsed on July 22, 1946.

No formal application was ever filed and voluntary payments were made to him by draft down to July 15, 1946, which draft the plaintiff collected on September 4, 1946. The carrier also sent the claimant a draft for compensation for the period from July 15, 1946 to July 22, 1946, but both sides agree that since the draft was not signed by the carrier it could not be considered as a payment even though the claimant held on to the draft for a long period of time. On July 21, 1947, six days later than the last payment of compensation, claimant's counsel wrote to the Deputy Commissioner requesting that the case be reopened and he was advised by the Deputy Commissioner that since there was no accompanying evidence of further disability, there was no ground for further consideration of the case and, no further supporting evidence with this application to review, was filed until May 13, 1948.

Section 913(a)[1] of the Longshoremen's & Harbor Workers' Compensation Act permits a right to compensation if a claim is filed within one year after the injury and shall be barred unless so done, except that if voluntary payments have been made the claim may be filed within one year after the date of the last payment. Further Section 922[2] permits the Deputy Commissioner upon the application of a party in interest at any time prior to one year after the date of the last payment of compensation to issue a new compensation order, increase or decrease such compensation and thus review compensation cases but only in accordance with the procedure prescribed with respect to claims described in Section

---

1. Sec. 913(a): "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

2. Section 922: "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payent of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the Administrator."

919. Section 919 prescribes the procedure with respect to the presentation of claims and the giving of full power of procedure to the Commissioner with respect to hearings and the determining of all questions with respect to the claim, and it in turn, a careful reading will show, is made subject to the provisions of Section 913.

This case it seems is controlled by Ocean Accident & Guarantee Corp. et al. v. Lawson, 5 Cir., 135 F.2d 865, here as in that case the application to reopen and review was not made within one year, for although in the instant case, the draft was not collected until September 4, 1946, it was in payment of compensation paid to July 15, 1946, which it seems to me should be considered the date of the last payment, as payment under the Act should not be left to the whim of the payee as to when he shall cash or collect the draft and therefore application was not had within Section 922 because the Commissioner is without authority to reopen and review unless done prior to one year after the date of the last payment. Furthermore, as the above mentioned case points out, the review contemplated in Section 922 is to be in conformity with the procedure of Section 919 which is expressly made subject to the provisions of Section 913 and this section requires the filing of a claim within one year from the date of the last payment. Therefore even if we consider the payment as of September 4, 1946, it was nevertheless lacking the filing of a claim, which is a requisite.

Accordingly, the motion to dismiss the complaint is granted.