No. 38,391

Greeley William Meredith, *Appellee*, v. Shawver Graham, Inc., and Consolidated Underwriters, *Appellants*.

(233 P. 2d 750)

Opinion filed July 3, 1951.

*Garner E. Shriver,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff* and *John C. Frank,* all of Wichita, were with him on the briefs for the appellants.

*Leroy Warner,* argued the cause, and *P. K. Smith, Ralph E. Gilchrist* and *Carl L. Buck,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by respondent and its insurance carrier from the modification of an award in a workmen's compensation case.

That appellee suffered an accidental injury to the right side of his head and neck on October 28, 1948, as a result of being struck by some tongs which also caused some deafness was not disputed in the original hearing and is not in controversy now. The only issues at the original hearing were the extent of his disability and the amount of compensation to which he was entitled. Neither of those questions is at issue on this appeal. The questions now presented pertain solely to the subject of appellee's right to a review of the award before the workmen's compensation commissioner, which appellants contest.

The original award of the commissioner was made June 8, 1949. His findings were:

"It is found, in addition to the admissions of the parties, that claimant suffered personal injury by accident resulting in 38 compensable weeks temporary

total disability and 24.85 percent permanent partial loss of hearing of both ears, being 24.85 weeks, making a total of 62.85 compensable weeks for which he is entitled to compensation at the rate of $20 per week in the sum of $1257, of which amount $460 has been paid, leaving a balance of $797, of which amount $140 was due as of June 2, 1949, and should be paid in one lump sum, leaving a balance of $657, to be paid at the rate of $20 per week for 32.85 weeks thereafter.

"It is further found that the respondent and insurance carrier should pay for the medical treatment furnished to date, and should furnish additional medical treatment, including the *denistry* necessary, in all not to exceed the statutory maximum of $750."

The award was made in accordance with the findings. No appeal therefrom was taken by either party. The total compensation period under the award for both compensated injuries ended January 21, 1950. Respondent's insurance carrier made and appellee accepted all installment compensation payments made by check or draft except the last one. The last installment payment in the sum of $97.00 was made by draft on January 25, 1950. It was returned. A second draft therefor was received by appellee on or about February 9, 1950, and it was returned on March 2, 1950. On March 16 or 17 appellee received a check in the same amount which he likewise returned. On April 13, 1950, claimant filed a petition for review and modification of the award on the ground his disability had increased. A hearing on this petition May 9, 1950, was continued to June 6 and July 11.

At the conclusion of claimant's evidence respondent and its insurance carrier, after having objected to some of the testimony, presented their motion to dismiss the petition on the following grounds:

"1. That the commission is without jurisdiction and power to review and modify the award heretofore made.

"2. That there has been sufficient or equivalent payment of the full award sought to be reviewed and modified.

"3. That claimant's petition was not timely filed for a review to be had as to the award for temporary total disability.

"4. That no review or modification is authorized or may be had for that part of the award pertaining to scheduled injuries."

The motion was overruled and the commissioner modified the award to increase the period of disability and the amount of compensation on both injuries. From that order respondent and its insurance carrier appealed to the district court. Except for a clerical error in the computation of the award by the commissioner, which the district court corrected, it approved the modified award and

adopted it as its own. The judgment, insofar as material, was as follows:

"WHEREFORE, it is hereby ordered that the award heretofore made on June 8, 1949, should be and the same is hereby modified to 107 compensable weeks temporary total disability, and 41.37 per cent permanent partial loss of hearing of both ears being 41.37 weeks, making a total of 148.37 weeks at the rate of $20.00 per week, in the sum of $2967.40, of which amount $1150.00 has been paid, leaving a balance of $1807.40, of which amount $1160.00 was due January 25, 1951, and is hereby ordered paid in one lump sum, leaving a balance of $647.40 which is ordered paid at the rate of $20.00 per week for 32.37 weeks thereafter.

"It is further ordered that the respondent and insurance carrier pay the medical benefits as heretofore ordered and pay direct to Dr. A. E. Bence the sum of $42.76 and Dr. Frost the sum of $17.14, being the pro rata amounts of the balance ordered under the former award.

"The written contract of employment between claimant and his attorneys for 25 per cent of the amount of the award is hereby approved and made an enforceable lien on the award made herein.

"It is further ordered that the costs incurred before the Commissioner of Workmen's Compensation, and the costs incurred in the District Court of Barton County, Kansas, be taxed against, and assessed to the respondent and insurance carrier."

From this modified award respondent and its insurance carrier have appealed.

The evidence adduced on the review hearing pertaining to increased disability was sharply conflicting. Appellants, however, recognize the established rule that this court does not disturb findings of fact made by the district court where there is competent evidence to support them. These findings, as such, are therefore not a subject of controversy now.

Appellants first contend the petition for review was filed too late with respect to the award for temporary total disability of thirty-eight weeks. They direct attention to the following facts: The original award made June 8, 1949, was based on two separate classes of injury, to wit: One resulting in temporary total incapacity for thirty-eight weeks and the other in 24.85 percent partial permanent loss of hearing of both ears, which was fixed at 24.85 weeks; compensation was awarded for each injury for the period indicated; the injury occurred October 28, 1948, and the thirty-eight week period, excluding the first week thereafter, for which temporary total disability was allowed, expired in the first week of August, 1949; the thirty-eight week period extended eight weeks beyond the date of the award; appellee was paid and accepted payments

at the rate of $20.00 per week beyond that period, in fact, until in January, 1950.

Appellants argue, under the foregoing circumstances, appellee cannot claim he has not accepted full and final payment of the award for thirty-eight weeks temporary total disability. They contend no review can be had on that part of the award in view of the provisions of our review statute, G. S. 1949, 44-528, which provides:

"At any time before but not after the final payment has been made under or pursuant to any award . . . it may be reviewed by the commissioner. . . ."

Although it is true compensation was awarded for two classes of injury we think for purposes of the review statute the original award for both injuries should not be separated but should be regarded as a unit award for 62.85 weeks, that being the total number of weeks for which compensation was allowed. All of the injuries resulted from a single accident. There is nothing to indicate the injury to appellee's hearing was not a part of the cause of his temporary total disability and undoubtedly it was. The injury to his hearing although only partial continued and remained permanent.

Appellants, however, further assert that irrespective of the foregoing contention the petition for review was filed too late as to both injuries for two reasons, the first being there was no appeal from the original award and it became a finality when the total compensable period of 62.85 weeks as to both injuries had expired and no petition for review and modification had been filed during the period of adjudicated disability. Their second contention is appellee could not arbitrarily refuse to accept three tenders of the final payment on the total award of 62.85 weeks after such total compensable period had expired and then file an initial petition for review approximately three months after the expiration of the award.

In support of the first of these last two contentions they rely on *Williams v. Lozier-Broderick & Gordon*, 159 Kan. 266, 154 P. 2d 126; *Larrick v. Hercules Powder Co.*, 164 Kan. 328, 188 P. 2d 639; and *Hardin v. Beck Mining Co.*, 166 Kan. 95, 199 P. 2d 186. It is true the opinion in the Hardin case contains some language indicating the review statute is available to a party at any time before the expiration of the period of disability for which compensation is allowed. The opinion, however, also states that

under the review statute a review may be had at any time before final payment. Actually the review statute was not an issue in that case. The real questions were whether the evidence was sufficient to support the trial court's findings of claimant's disability and lack of earning capacity and whether the injury was so extreme as to warrant the allowance of $750.00 for medical and hospital treatment.

In the Larrick case the original award was made for past disability on which the compensation was past due and was ordered paid in a lump sum at the time of the original award. There was no award for future disability. There had been no appeal from the award. It was held the award having become final and the period of incapacity having ended before the workman filed her petition for review and modification, the petition was filed too late. The Williams case is analyzed in the Larrick case and we need not repeat that analysis here. The substance of these opinions cited by appellants is that a review may be had when the award determines disability continues into the future but not when the award determines all disability had ended prior to the award and all compensation therefor was ordered paid.

In support of appellant's last mentioned second contention that the petition for review was filed too late they assert it is unreasonable to assume the legislature intended by providing a review might be had before final payment that a claimant may fail to appeal from an award, may fail to file a petition for review with the commissioner before the award of future disability expires, may arbitrarily refuse to accept repeated tenders of final payment and thereafter be permitted to file a petition for review on the ground final payment has not been made. They contend if a review may be had under these circumstances a claimant may prevent all finality of an award for future disability by keeping it open for review so long as he desires to do so.

Appellee's answer to this contention is that this court has held a claimant may have a review at any time before final payment is accepted, citing *Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056; *De Millsap v. Century Zinc Co.*, 123 Kan. 570, 256 Pac. 136; *Chikowsky v. Central Coal & Coke Co.*, 124 Kan. 471, 260 Pac. 620; *Farr v. Mid-Continent Lead & Zinc Co.*, 150 Kan. 292, 92 P. 2d 124; *Bailey v. Skelly Oil Co.*, 153 Kan. 378, 110 P. 2d 746; *Everett v. Kansas Power Co.*, 160 Kan. 712, 165 P. 2d 595. It would

not be accurate to say the cited cases are so similar factually as to be controlling in the instant case. This will readily appear from an examination thereof. They and others that might be cited are, however, authority for the contention a review may be had before final payment but not thereafter. In the instant case final payment was not accepted by appellee and we have concluded his right to review was not barred. An able and exhaustive analysis of many Kansas cases on the subject of payment may be found in an annotation at 165 A. L. R. 429-444.

There is a division of authority with regard to the meaning of the word "payment" as employed in compensation acts. See annotation 165 A. L. R. 9. Appellants contend the word "payment" should be and properly has been construed by courts to mean a valid or sufficient tender, citing *Harris v. International Motor Co.*, 9 N. J. Mis. R. 208, 153 A. 97, and *Imperato v. Lowe*, 123 F. 2d 1001, and cases therein treated. Our decisions, however, require acceptance of payment.

Were both injuries covered by the award reviewable? Appellants contend that portion of the award pertaining to permanent partial loss of hearing is a scheduled injury and as such is not reviewable. Under the express provisions of G. S. 1949, 44-528 the last sentence of that statute reads:

"*Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 44-510 of the General Statutes Supplement of 1943."

G. S. 1949, 44-510 expressly provides compensation for permanent partial loss of hearing. (3c-19.) In *Stanley v. United Iron Works Co.*, 160 Kan. 243, 160 P. 2d 708, this precise problem was presented. The court carefully reviewed many of our former scheduled injury cases and in conformity therewith held:

"The record in a compensation case examined, and *held,* there was substantial competent evidence to support the factual findings of the trial court that an accidental injury suffered by a workman to his head and brain directly resulted in his sustaining permanent partial loss of sight in his left eye and permanent partial loss of hearing in both of his ears.

"Permanent partial loss of the sight of an eye and of hearing in the ears comes within the purview of G. S. 1943 Supp. 44-510 (3c-19) and such disabilities are compensable as scheduled injuries." (Syl. ¶ 2, 3.)

It is unnecessary to again narrate the facts of the various former cases reviewed in the Stanley case.

Appellee contends partial permanent loss of hearing is not pro-

vided for "in the schedule of specific injuries" within the contemplation of G. S. 1949, 44-528, the review statute. We have already indicated the present scheduled injury statute specifically covers permanent partial loss of hearing. Appellee cites *Consolidated Cement Co. v. Baker*, 129 Kan. 845, 284 Pac. 415, in which it was said:

"For the loss of a leg, compensation is fixed by the statute. *The loss of the use of a leg is not a scheduled injury.*" (Our italics.) (p. 848.)

The italicized portion of the above statement was expressly overruled in the Stanley case, *supra*, p. 253.

Appellee also discusses the legislative history of sections of the compensation act here involved and reasons therefrom that it was not intended an award for an injury to a scheduled member which extends into the future should be unreviewable. We think there is merit in the contention that such an injury should be reviewable. That, however, is a subject of wisdom and policy which must be addressed to the legislature.

It follows only that part of the original award which pertained to temporary total disability was reviewable and the order made on review is affirmed. That part of the award pertaining to increased disability of hearing is reversed.

The cause is remanded to the district court with directions to enter judgment in conformity with the views herein expressed.

HARVEY, C. J., is of the opinion that the judgment of the trial court should be affirmed in its entirety.

WEDELL, J. (concurring in part and dissenting in part): Although it seems to me the law should permit a review of an award for permanent partial loss of a scheduled injury or for a similar loss of its use I am persuaded such a review is not permitted under the present law. I, therefore, concur in that portion of the opinion. Under these circumstances no review of the scheduled injury portion of the instant award could be had irrespective of whether final payment on that part of the award had been made or not.

This leaves the sole issue whether claimant filed his petition in time to obtain a review and modification of the other part of the award for thirty-eight weeks temporary total disability. That disability of thirty-eight weeks ended in August, 1949, about eight weeks after the award was made. No appeal had been taken from the award. The result is the award for temporary total disability

became a finality in August, 1949. According to the award temporary total disability had ended on that date. No petition for review was filed before that part of the award had become a finality. Full and final payment for the period of temporary total disability was made and accepted by the claimant in August, 1949, as it is conceded he accepted all payments on the total award until the last payment was due thereon in January, 1950. Under these circumstances there is no sound basis, in my opinion, for concluding a review was available as to that part of the award when the petition for review was first filed in April, 1950. Had this been a single original award for general temporary total disability, followed by permanent partial disability of a reviewable award it seems to me an entirely different issue would be presented with respect to the question of final payment.

But if we were able to overcome this first obstacle to a review we are immediately met with another difficulty pertaining to the right of review. It pertains to the expiration of the total compensable period of 62.85 weeks without filing a petition for review within that period and a refusal to accept the final payment which the law compelled the employer to make. Without attempting a review of the facts and decisions in our various previous cases, which has been exceedingly well done in the annotation at 165 A. L. R. 429-444, I have no hesitancy in saying we have never allowed a review under circumstances and issues raised such as those obtaining in the instant case. I think a fair interpretation of our compensation act discloses it was intended a claimant or respondent should have a right to file a petition for review and modification of an award which extended into the future *at any time within the period of adjudicated disability* in order to prevent the award from becoming a finality.

The statute does not say a *petition for review and modification may be filed* after the disability under the award has ended and the award has become a finality. It merely *authorizes a hearing* on a petition for review at any time before final payment but not thereafter. (*Bailey v. Skelly Oil Co.,* 153 Kan. 378, 110 P. 2d 746.)

In *Hardin v. Beck Mining Co.,* 166 Kan. 95, 199 P. 2d 186, it was said:

"The doctors naturally are not able to tell exactly how long a disability of a person will last. The compensation law takes care of that, however, by providing for review of an award at any time before final payment. (See G. S.

1935, 44-528.) *This section was available to respondent at any time before the expiration of one hundred weeks."* (p. 97.) (Italics supplied.)

Although the foregoing statement may not have been necessary to a decision in the Hardin case I believe it was a correct statement of legislative intent. In this connection and only as helpful and not as conclusive see, also, *Williams v. Lozier-Broderick & Gordon,* 159 Kan. 266, 154 P. 2d 126, and *Larrick v. Hercules Powder Co.,* 164 Kan. 328, 188 P. 2d 639.

In any event it seems to me it was never intended a claimant who had not appealed from an award for disability extending into the future should be permitted to let that award become a finality, fail to file a petition for review during such period of adjudicated disability, arbitrarily refuse to accept three offers of final payment thereafter and then file a petition for a review approximately three months after the total award (both awards in the instant case) had become a finality. If a review is permitted under such circumstances I fail to understand on what logical theory any award cannot be kept from becoming a finality indefinitely. If it can be prevented from becoming a finality for two or three months after disability under the award has ended why not for six months, a year, or longer?

I am convinced such a dilatory practice was never intended to be permitted by either the claimant or the employer. Our compensation act is indicative of the legislative intent to effectuate promptness and to bring about finality with respect to proceedings thereunder. For example the law expressly provides a penalty against the employer if he fails to make installment payments when due. If he fails to make such a payment and the employee serves notice on him to pay, as provided by statute, and the employer fails to do so *within two weeks* after service of the notice the employee is permitted to bring an action and recover a judgment for the entire amount of future payment as for a debt. (G. S. 1949, 44-512a.) It is also observed the employer is entitled to a final receipt upon final payment which must be filed in the office of the commissioner *within sixty days* after its execution. If the employer fails to so file it the final receipt is void as against the workman. (G. S. 1949, 44-527.)

Yet under the instant decision the claimant although he filed no petition for a review of the award before the disability under the total award had ended and although he arbitrarily refused to accept final payment, which the law compelled the employer to make when due, the claimant is being permitted to file a petition for review

almost three months after the disability under the award had ended. I cannot believe our compensation act was intended to permit such a practice.

I readily admit a draft or a check does not in all cases constitute a legal tender of payment. But is a claimant under the provisions of our compensation act permitted to defeat the intent and purpose of our law by arbitrarily refusing to accept a final payment under an award, as it was offered to him here, after he has permitted the award to become a finality? The same question might be submitted with respect to any other installment payment under an award.

Appellee does not contend final payment was not attempted at the same time, place and in the same manner as his wages were payable or as he previously had accepted all other installment payments. In fact his brief contains no contention the final offer of payment was inadequate for any reason. In any event our legislature obviously attempted to eliminate technicalities with reference to what constitutes legal tender of payment in compensation cases. G. S. 1949, 44-512, not considered in *Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056, but heavily relied upon by appellee, expressly provides:

"The payments shall be made at the same time, place and in the same manner as the wages of the workman were payable at the time of the accident, but the commissioner upon the application of either party may modify such regulation in a particular case as to the commissioner may seem just."

The record does not disclose the commissioner made any order relative to payments. Under the record of this case we need not labor any question pertaining to technicalities of legal tender of payment which might be applicable in other cases. Where tender of payment is sufficient to constitute payment under provisions of a compensation act the tender is sufficient although refused. For a helpful discussion of the question here involved see *Bajerczak v. B. H. Sobelman & Co.*, 89 F. Supp. 78, 80, and *Imperato v. Lowe*, 123 F. 2d 1001.

PRICE, J., joins in the foregoing concurring and dissenting opinion.