No. 34,639

AHLENE WILLIAMS, a Minor, by ELVIRA WILLIAMS, Guardian, *Appellee* and *Cross-appellant,* v. THE CITIES SERVICE GAS COMPANY, *Appellant.*

(99 P. 2d 822)

Opinion filed March 9, 1940.

*A. M. Ebright, R. E. Cullison, R. O. Mason* and *O. R. Stites,* all of Bartlesville, Okla., for the appellant.

*J. T. Boyle, W. L. Cunningham, D. Arthur Walker* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a workmen's compensation case. The claimant, a dependent minor, prevailed, and the City Gas Service Company, respondent and self-insurer, has appealed.

The father of the dependent was an employee of appellant in the capacity of a ditch digger along a highway. The accidental death occurred on May 14, 1931, an unusually hot day for that season of the year. Other workmen also complained of the heat. While working in the ditch, and while very sweaty and hot, the workman paused to get a drink of cold water from a water can, or cooler, during the afternoon. There was testimony that immediately after taking the drink he exclaimed, "Oh, my belly," and fell over dead. He left surviving Elvira Williams, his widow, and four minor dependents of the following respective ages: nineteen, eighteen, sixteen and seven years.

In the course of the hearing before the compensation commissioner, the claims of all dependents except that of Ahlene Williams, the youngest dependent, were withdrawn. To be exact, the age of Ahlene at the date of her father's death was seven years, eight months and six days. No guardian for Ahlene was appointed until November 15, 1938. Her mother was then appointed. The only claim or demand for compensation was that made by her guardian on January 9, 1939. At the hearing before the commissioner, various matters were settled by stipulation. The issues now to be determined are these: first, did the workman meet with personal injury by accident arising out of and in the course of his employment,

resulting in his death on May 14, 1931; second, was the claim for compensation made in time and, third, is the minor dependent entitled to recover the funeral expenses of her father?

Did the workman meet his death by accident arising out of and in the course of his employment? The trial court answered that question by an affirmative finding. It will serve no useful purpose to narrate the lengthy testimony of lay and expert witnesses on that subject. On appeal this court is concerned only with testimony which supports or tends to support the finding of the trial court, and not with contrary testimony. (*Smith v. Cudahy Packing Co.,* 145 Kan. 36, 40, 64 P. 2d 582.) The evidence was ample from which it reasonably could be concluded the workman's death was caused by heart failure and that heart failure probably resulted from the condition of his heart, which condition was aggravated, accelerated or intensified by the work he was performing and the cold water he drank. That evidence was sufficient. It was not necessary the workman should have been in perfect health. Our compensation law prescribes no standard of health for workmen. Injuries are compensable where the accident only serves to aggravate or accelerate an existing disease (*Hardwell v. St. Louis S. & R. Co.,* 146 Kan. 870, 875, 73 P. 2d 1120), or intensifies the affliction or contributes to death (*Hill v. Etchen Motor Co.,* 143 Kan. 655, 659, 56 P. 2d 103). Cause of death may be established by circumstantial evidence, and the strict rule concerning circumstantial evidence as applied to other cases does not prevail in compensation cases. It is not necessary the circumstantial evidence should rise to such a degree of certainty as to exclude every reasonable conclusion other than that found by the trial court. (*Supica v. Armour & Co.,* 131 Kan. 756, 293 Pac. 483; *Hardwell v. St. Louis S. & R. Co.,* supra.) The finding of the trial court cannot be disturbed.

Was the instant claim for compensation made in time? Appellant insists it was not. The answer requires, first, a consideration of the pertinent provisions of our own compensation act which were in effect at the time of the particular accident. G. S. 1935, 44-520a, provides:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, or in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation; or

within six (6) months after the death of the injured employee if death result from the injury within three (3) years after the date of the accident: *Provided,* That where the claimant or claimants *have been under a disability such as described in section 9 (44-509) of this act,* then' the limitations herein expressed shall not begin to run until the *removal of such disability."* (Italics ours.)

G. S. 1935, 44-509, provides:

"(*a*) In case an injured workman is mentally incompetent, or when death results from an injury *in case any of his dependents,* as herein defined, *is mentally incompetent* at the time when any right, privilege, or election accrues to him under this act, his guardian may, on his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as *such incompetent* has no guardian." (Italics ours.)

It should be noted no privilege is granted to "minors," as such, to delay the filing of a claim until a guardian is appointed. Such privilege did exist under Laws 1911, ch. 218, § 10. In the general revision of the compensation act of 1927 the lawmakers removed the word minor from the statute. (Laws 1927, ch. 232, § 9.) In 1939 they again included a minor in the statute. (Laws 1939, ch. 213, § 1.) In view of this legislative history we are compelled to conclude the legislature did not intend by the 1927 act, here involved, to toll the running of the limitation on the ground of minority. That act tolls the running of the limitation only as to persons mentally incompetent. On three occasions this court has interpreted the 1927 act and has held the limitation is tolled as to minors, but only during the period of their mental incompetency. (*Baxter v. Chicago, R. I. & P. Rly. Co.,* 139 Kan. 443, 32 P. 2d 451.; *Suttle v. Marble Produce Co.,* 140 Kan. 13, 34 P. 2d 116; *Brenn v. City of St. John,* 149 Kan. 416, 87 P. 2d 546.)

One of appellee's contentions is G. S. 1935, 44-509, should be construed as tolling the running of the limitation until a guardian is appointed. The contention is not in harmony with the above decisions. Nor do we now think the lawmakers intended the statute should be so construed. That statute must be read and construed in conjunction with G. S. 1935, 44-520a. The latter statute specifically refers to the disability described in G. S. 1935, 44-509. The disability described in that statute is mental incompetency. G. S. 1935, 44-520a, further expressly provides, "the limitations herein expressed shall not begin to run until the *removal of such disability."* We think the lawmakers, in referring to disability of a workman or

dependent, referred to the disability of mental incompetency, and not to the absence of a guardian. If appellee's contention is sound, an injured workman who became temporarily mentally incompetent at the time of and by reason of injury might be completely restored to mental competency within a few hours, a few days, or within some other brief period, and the limitation would never run so long as a guardian had not been appointed. Also, under the same contention, the limitation would be tolled until a guardian was appointed for an adult dependent who was mentally incompetent at the time of the workman's death and whose mental competency had become completely and permanently restored within a short period after the accident. We do not think the language employed permits the construction that the legislature intended the limitation should be thus indefinitely tolled.

In the Baxter case, *supra*, the dependent infant was only twenty months old when the father died as the result of an injury. Claim for compensation was made by guardian about twenty days after the father's death. The time for making a claim was therefore not involved in that case. The issues were, whether the claim was sufficient in character, and whether an infant was included within the term "mentally incompetent." The opinion clearly recognized that mental incompetency on the part of infants of a very tender age did not mean insanity, but that mental competency of an infant was a matter of development. The court said:

"A baby of such tender years, as all know, *has not developed into competency* and need not be insane to come within the excepted class." (p. 449.) (Italics ours.)

In the Suttle case, *supra*, claim was made on behalf of the widow of a deceased workman and for a minor son, fifteen years of age, by the widow as his next friend. The claim was made about two years after the accident. At the time of the accident, the minor was thirteen, and at the time of the hearing he was fifteen years of age. The commissioner found the minor was by law incompetent. The district court, with the evidence before it, reversed that finding and disallowed the claim. The judgment of the district court was affirmed by this court. Appellant contended mentally incompetent persons included minors, and that minors were therefore exempt from making claim as a condition precedent to recovery. This court denied the contention, and held:

"R. S. 1933 Supp. 44-509, being an amendment in 1927 of a former statute by

the omission of minors therefrom and exempting only mentally incompetent from the prerequisite requirements of the compensation law, cannot be construed as still including minors as mentally incompetent unless they are infants of such tender age as to be unquestionably so regarded as a matter of law, or, if older, are shown by competent evidence to be mentally incompetent as a matter of fact." (Syl. ¶ 3.)

In the course of that opinion, after quoting from various decisions of this and other courts, this court said:

"And without committing ourselves as to the exact extent of infancy where mental incompetency as a matter of law exists, as was held to be five years in the text above quoted, we conclude that beyond a period of unquestionable infancy, as in the Baxter case, *supra,* and perhaps older than there existed as a matter of law, *mental incompetency should be established as a matter of fact as to older minors* before they are entitled to the exemption of the compensation statute requiring written claim for compensation to be served within certain prescribed times." (p. 19.) [Italics ours.]

In the Brenn case, *supra,* (1939) the claim for compensation was made by the widow of a deceased husband as guardian for and on behalf of five minor children. At the death of the workman, the children were of the following respective ages: seventeen, fifteen, fourteen, twelve and five years. The workman had been electrocuted on March 18, 1937. The guardian was appointed November 19, 1937, eight months and one day after the workman's death. A few days thereafter, the guardian filed a claim, but only on behalf of her wards. The district court disallowed compensation to all minor dependents except the five-year-old child. This court affirmed the entire judgment. After again reviewing the authorities we stated:

"At the hearing before the commissioner there seems to have been no evidence as to the mental competency of any of the minors, but the commissioner in effect found that the minors, being under the age of eighteen, having no knowledge of their legal right, and because of their tender years, were mentally incompetent under the statute. *If that were the intention of the legislature, much more appropriate language would have been used in the statute, and this is especially true when the provisions of the former workmen's compensation act are considered.* (See R. S. 1923, 44-509.) *In the absence of any showing to the contrary,* we think the district court properly held the four children *twelve or more years old were not mentally incompetent under the statute.* Insofar as the child of five years is concerned, we are of opinion the district court also ruled correctly." (p. 421.) [Italics ours.]

In the instant case the youngest daughter, Ahlene, in whose behalf the present claim is asserted, was born September 8, 1923. She was therefore seven years, eight months and six days of age at the date of her father's death on May 14, 1931. No guardian was appointed

until November 15, 1938, or during a period of seven and one-half years. On January 9, 1939, the date on which claim for compensation was made by the guardian, Ahlene's age, to be exact, was fifteen years, four months and one day. The commissioner found the daughter had not been mentally incompetent for more than six months prior to the appointment of a guardian and prior to making claim for compensation. The district court found claimant was mentally incompetent until the date of filing the claim.

In workmen's compensation cases, jurisdiction of this court is limited to questions of law. (G. S. 1935, 44-556.) Whether a finding is supported by evidence presents a question of law, as distinguished from a question of fact. (*Fair v. Golden Rule Refining Co.*, 134 Kan. 623, 7 P. 2d 70; *Gallagher v. Menges & Mange Const. Co.*, 146 Kan. 506, 72 P. 2d 79; *Gardner v. Ark Warehouse Co.*, 148 Kan. 190, 193, 80 P. 2d 1066.) At the time of the hearing before the commissioner, Ahlene was a sophomore in high school. A careful review of the record fails to disclose evidence of any kind or character that claimant was mentally incompetent to make a claim for compensation after she reached the age of fourteen. In view of our previous decisions, the absence of such testimony was fatal to her recovery. It is therefore unnecessary to consider objections of appellant to certain testimony touching the subject of claimant's inability to make a claim prior to the time she became fourteen years of age.

The district court wrote a memorandum opinion in which it stressed various statutes, outside the compensation act, touching acts which a *minor* may not do or perform solely on his own initiative or without a guardian. Appellee has here stressed the same statutes and perhaps some additional ones of a similar character. The district court was, and appellee is, of the opinion those statutes should be considered in determining the mental incompetency of a *minor*. We have endeavored to make it clear the compensation law here involved does not embrace minors, as such. A consideration of statutory provisions respecting minors generally, if properly considered at all, would not permit us to dispense with testimony touching the mental incompetency of the particular claimant in a compensation case. If the effect of such other statutes pertaining to minors could be substituted for evidence of mental incompetency in a compensation case, then the legislative intent, disclosed by entirely eliminating from the compensation statute the word

"minor," would be rendered nugatory. It is not our province to determine what the law should or should not be. It is our duty to declare the legislative intent. In doing so, we are not permitted to ignore provisions of the compensation act which disclose or tend to reflect the legislative will. (*Lehman v. Grace Oil Co.*, ante, pp. 145, 155, 98 P. 2d 430.) If it had been the intent that all minors were to be considered as mentally incompetent to make claims for compensation during their minority, the legislature would have used much more appropriate language in the statute to express such intent. (*Brenn v. City of St. John,* supra.) Moreover, the workmen's compensation law is a comprehensive act and covers every phase of a workman's right to compensation and the procedure for obtaining it. The remedy under that act is complete, with a procedure distinctly its own, and that procedure was intended to be and is substantial, complete and exclusive. (*Employers' Liability Assurance Corp. v. Matlock,* ante, p. 293, 98 P. 2d 456.)

In view of the complete absence of facts touching mental incompetency of claimant after reaching the age of fourteen, it appears the trial court did not only consider statutory provisions, outside the compensation act pertaining to minors, but based its decision on such other provisions. We think the decision, so reached, fails to conform to the legislative intent and it is not in harmony with our own previous decisions.

Since the claim for compensation was not made in time, there could, of course, be no recovery for funeral expenses of the workman, even by a person otherwise entitled to recover them. Furthermore, this minor had not paid the funeral expenses, nor was she legally obligated to pay them, and is not entitled to recover for such expenses. (*Brenn v. City of St. John,* supra.)

Appellee reminds us of a provision in G. S. 1935, 44-513, which was not considered in the Brenn case. That statute provides the method or manner in which an employer may deposit compensation when the apportionment thereof is not agreed to among the dependents. The portion of the statute to which reference is made reads:

"Where there are no dependents, medical and funeral expenses may be paid and distributed in like manner."

It is true that statute was not considered in the Brenn case, for the reason it was not there involved. Nor is it involved in the instant case. There were five dependents here. We assume appellee

refs to the provision on the theory funeral expenses would be paid, even though there was no dependent to receive them. That issue is not before us. The question here is, whether this claimant can recover for those expenses. The provision obviously does not mean recovery for medical or funeral expenses may be had where not claimed in time or by one not entitled to recover them.

We have not overlooked decisions from other jurisdictions cited by appellee. Decisions based upon statutes which expressly include minors are not in point, and our own decisions in interpreting the 1927 law, which does not embrace minors, are controlling.

The judgment is reversed with directions to enter judgment for the defendant.