No. 36,069

EDWARD JOHN PETERSON, *Appellee,* v. THE SAFEWAY STORES and
THE HARTFORD ACCIDENT & INDEMNITY COMPANY, *Appellants.*

(146 P. 2d 657)

Opinion
filed March 4, 1944.

*Eugene G. Coombs* and *Rupert Teall,* both of Wichita, argued the cause,
and *Carl I. Winsor, Harlin E. Bond* and *Claude C. Counts,* all of Wichita, were
on the briefs for the appellants.

*Carl C. Chase,* of Eureka, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the workmen's compensation act, and from an award in favor of the claimant the respondent and its insurance carrier appeal. Appellants make it
clear that they do not contend the claimant did not receive a personal
injury arising out of and in the course of his employment, but only
that such injury was not caused "by accident" within the meaning
of G. S. 1935, 44-501, which for our purposes reads:

"If in any employment to which this act applies, personal injury by accident
. . . is caused to a workman, his employer shall . . . be liable to pay
compensation to the workman . . . ."

In view of the admissions made as to employment, weekly wage,
that the parties were under the act, and that claim was timely made,
we limit our statement of the facts.

For some years prior to October 30, 1942, claimant had been
manager of respondent's store at Eureka, and although designated
as manager he did all types of work, waited on customers, unloaded

merchandise from trucks, restocked shelves and did common labor along with other employees. Merchandise trucks came two or three times a week and he would assist in unloading one hundred pound bags of sugar, forty-eight pound bags of flour and cases of merchandise, and at times he did all such unloading and placing the same in the stock room. On October 30, 1942, he went to work about 8:00 o'clock a. m. and sometime later a truckload of supplies arrived. Two other employees, using a small two-wheeled truck, were hauling and stacking the merchandise. Claimant assisted them. He would take a bag of sugar or of flour and carry it thirty or forty feet and throw it up on the stack. While in the act of unloading the sugar he noticed a pain in his stomach and believed it was gas, he took some soda and water and started back to work but got no relief and sat down on a platform. His condition became worse and he went to a clinic a short distance away, where a physician diagnosed his trouble as an acute coronary thrombosis. Claimant testified that prior to October 30, 1942, he had never had any heart trouble and had never been bothered with shortness of breath in unloading the trucks. We shall notice the medical testimony only to state that claimant's physician testified that the exertion involved in the work claimant was doing caused his condition and that the exertion precipitated the coronary attack, and that the relationship between his work that morning and the attack was very definite, and also that the relationship between the attack and the result of the attack and any further physical exertions was also very definite and that his condition was permanent and not temporary and he was permanently disabled.

The workmen's compensation commissioner found that claimant suffered personal injury by accident arising out of and in the course of his employment, resulting in temporary total disability, and made an award.

The respondent and its insurance carrier appealed to the district court, which affirmed the award and findings of the commissioner and found further that the coronary attack was occasioned by claimant's work in lifting and stacking sacked merchandise of twenty-four to one hundred pounds in weight. A motion for a new trial was denied and the appeal to this court followed.

In support of their contention the trial court erred in finding that claimant sustained personal injury "by accident" appellants argue that this court, in its earlier decisions in attempting to give the work-

men's compensation act a liberal construction, gave such a construction to the qualifying phrase "by accident" as practically to strike it from the statute; that the preposition "by" has been ignored and the noun "accident" considered as though it stood alone, with the consequence that it has been applied to the result and not to the cause of the injury sustained. Stated in a converse way it is contended that where a workman, as in the case at bar, performs his usual tasks in the usual manner, and sustains injury such as the present claimant received, there is no liability unless the proof shows the happening of some thing or some event in the nature of an intervening cause that might be said to be the "accident" as a consequence of which personal injury was inflicted on the workman. In making their argument, appellants do not contend that the definition given the word "accident" in our opinions, is erroneous. Appellants direct attention to the leading case of *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, decided in 1919, and contend that the court there overlooked the qualifying effect of "by" and considered "accident" as though it stood alone, but that the oversight is excusable in view of the fact the decision was based on the holding in *Fenton v. Thorley*, (1903) A. C. 443, an English case. It is contended that since the last named case was decided the English courts have swung away from their earlier holding, and now examine more critically into cause and effect, and hold that the injury must be the result of accident rather than that the injury is an accident. It may here be noted that our attention is also directed to decisions from other states where it is said the same trend has occurred. Appellants also attempt to distinguish the Gilliland case, *supra*, from the case at bar, in that in that case, and reference is made to it for the facts, it was inferable that claimant's hemorrhage was brought about by "violent effort," "great force in an unusual position" or "over-exertion," the inference from the argument being that such things might be considered as being beyond the usual method of work, equivalent to an intervening cause or event and equivalent to an accident, with the ensuing conclusion the injury was caused by accident.

We are of opinion that neither contention as to what was considered in that case can be sustained. On the question of whether the court overlooked the force and effect of the words "by accident" it was said in the opinion: "The defendant insists a sharp distinction must be made between injury as one thing, and accident producing it as another thing," (l. c. 773) and then follows a long discussion

which need not be repeated here. On the question of added effort, or something beyond usual duties ordinarily performed, it is stated: "The evidence warranted a finding that the physical structure of the man gave way under the stress of his usual labor." (l. c. 777.)

After our decision in the Gilliland case, *supra*, many appeals came to this court where the question involved was whether the workman sustained personal injury by accident and where the Gilliland case was followed. In *Hill v. Etchen Motor Co.*, 143 Kan. 655, 56 P. 2d 103, the facts were quite similar to those in the case at bar. There, as here, the claimant suffered a coronary thrombosis. There the respondent contended that what happened occurred while the claimant was doing his regular work in the usual manner and that there was no unexpected occurrence or event and hence no accident for which he could recover compensation. In its opinion this court reviewed many of the decisions referred to in the briefs in the case at bar and which will not be reviewed again here. In the opinion it was said: "When claimant braced his feet and exerted a strong pull on the wrench, so far as he or anyone else was concerned, what then happened to him was undesigned, sudden, unexpected and of an afflictive character—or, in shorter form, it was an accident." (l. c. 660.) It was held that claimant sustained personal injury by accident. The only difference between that case and the case at bar was the manner in which the strain arose—one pulled on a wrench, the other lifted a sack of sugar. Later cases involving similar facts and conclusions are *Earhart v. Wible Ice & Cold Storage Co.*, 150 Kan. 695, 95 P. 2d 366, and *Williams v. Cities Service Co.*, 151 Kan. 497, 99 P. 2d 822. Cases in which the district court found there was no injury by accident need not be reviewed.

It may be true, as contended by appellants, that in none of the cases above mentioned nor in any other of our decisions the question presented and discussed was stated precisely in the manner and form now presented, but that the contentions now made by appellants have received previous consideration by this court cannot be gainsaid. In the late case of *Carney v. Hellar*, 155 Kan. 674, 127 P. 2d 496, involving facts quite analogous to those of the case at bar, the precise question was not presented, but it was there said:

"In determining whether there was a causal connection between the work done and the injury suffered we must of necessity consider the existing physical condition of the workman at the time of the injury. Our compensation law prescribes no standard of health for a workman. It is well settled that accidental injuries are compensable where the accident only serves to aggravate or

accelerate an existing disease, intensifies the affliction or contributes to the death of the workman. (*Blackburn v. Brick & Tile Co.*, 107 Kan. 722, 193 Pac. 351; *Stringer v. Mining Co.*, 114 Kan. 716, 220 Pac. 168; *Vera v. Swift & Co.*, 143 Kan. 593, 56 P. 2d 96; *Hardwell v. St. Louis S. & R. Co.*, supra; *Williams v. Cities Service Gas Co.*, 151 Kan. 497, 99 P. 2d 822.) If a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor, his death is an accident which arises out of his employment. (*Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793; *Harmon v. Larabee Flour Mills Co.*, 134 Kan. 143, 145, 4 P. 2d 405.)" (l. c. 677.)

The course of our decisions has been uniform. The legislature long has been aware of the construction this court has given to the statutory language "personal injury by accident" and it has not seen fit to amend the act. Although we recognize the phrase has been given a more restricted construction in other jurisdictions, we choose to follow our own decisions.

The judgment of the trial court is affirmed.