No. 36,452

Royal T. Everett, *Appellant*, v. The Kansas Power Company, *Appellee*.

(165 P. 2d 595)

Opinion filed January 26, 1946.

*Charles E. Jones,* of Wichita, argued the cause, *Mark H. Adams, O. A. Witterman, J. Ashford Manka,* all of Wichita, and *G. W. Sawyer,* of Liberal, were on the briefs for the appellant.

*S. R. Blackburn,* of Great Bend, argued the cause, and *G. L. Light* and *Auburn G. Light,* both of Liberal, were on the briefs for the appellee.

The opinion of the court was delivered by

Burch, J.: In a workmen's compensation case the district court sustained the findings of the commissioner and denied recovery to the claimant on his petition for a review of an award because before the date of the hearing by the commissioner final payment had been

made to the claimant of all sums allowed him in the original award. The claimant has appealed to this court and contends that he was confused and did not intend to accept final payment and that he was misled by the respondent.

The original award was made February 15, 1944, and provided for the payment in a lump sum of the amount due as of February 10, 1944, and that the respondent should pay an additional $900 at the rate of $18 each week for fifty weeks thereafter. The period during which payments should be made expired January 26, 1945. The petition for review was filed January 6, 1945. On January 8 the commissioner mailed a notice to respondent to the effect that the petition would be heard February 16. On January 14 the respondent mailed to claimant its check for the balance due under the award. Claimant cashed the check on January 19. On January 25 respondent filed a motion to dismiss the petition for review on the grounds that claimant had received all payments under the award, including the final payment, and that the commissioner, therefore, had no jurisdiction to hear the petition for review. The claimant filed an answer to the motion, setting forth therein various facts upon which he relied, which will be considered later herein, and tendered a return of the final payment. It will be noted that the petition for review was filed before final payment was made but that the hearing was set after the payment was made to and accepted by the claimant.

Nothing was said in the award relative to the manner in which the payments should be made except that they should be "paid at the rate of $18 per week for fifty weeks thereafter." The amount due to the claimant in a lump sum under the provisions of the award was paid by the issuance of a check for the amount of $671.14. The check was made payable to the claimant and his attorneys and was delivered to one of his attorneys on or about March 1, 1944, together with another check in the amount of $33.42. There was no data on the larger check indicating the time covered by it but the smaller check was dated February 25, 1944, and had a notation on its stub reading as follows: "2-27-44 to 3-10-44." Claimant endorsed the checks over to his attorneys and received his proportion of the proceeds thereof. The notation on the stub of the small check is somewhat significant. Since the check was dated February 25 and delivered on or about March 1, it clearly appears that at the inception of the making of the periodical payments the respond-

ent began paying compensation partly in advance of the due date. Thus, in connection with the receipt of the smaller check claimant was paid on or about March 1 the compensation which was due him from February 27 to March 10. Therefore, he was paid compensation approximately ten days in advance of its due date. A third check was dated March 10, 1944, and on the stub attached thereto was the notation "3-11-44 to 3-26-44."

Subsequent to the issuance of the first three checks the respondent mailed to claimant a series of checks with stubs attached. Two checks were mailed each month. The dates on which the checks were issued during the period of approximately eleven months varied somewhat according to the time when the pay-roll records were made up but the stubs attached thereto, with one exception, carried notations showing that compensation was being paid to either the 10th or the 26th of the respective months involved. On or about December 27, 1944, respondent issued its check as of such date and mailed the same to the claimant on or about the 29th of December, 1944. Attached to said check was the customary stub and upon the same was the notation "12-27-44 to 1-10-45." Claimant cashed this check on or about January 2, 1945. Thus, it will be seen that the claimant, if he had paid any attention whatever to the notations on the stubs, was advised thereby that compensation had been paid to the 10th of January, 1945. Since he cashed the check on or about January 2, 1945, it also follows that the claimant probably knew on January 6, 1945, at which time he filed his petition to review the award, that he had been paid compensation in advance of such date, to wit, until January 10, 1945. Consequently, the only compensation which could become due to the claimant thereafter was that accruing during the period beginning January 11th and expiring January 26th. On January 14, 1945, respondent issued and mailed to claimant the last check in the amount of $38.62. The stub which was attached to said check was on the customary form but did not have any notation thereon in the usual place showing the period of compensation covered by the same. In explanation of its omission the treasurer of the respondent stated that he did not show the period covered by the last check because the amount thereof was adjusted in order to make the amount correspond with the balance due on the total amount of the award and that he omitted to put the date on it to which compensation was paid. He also testified that it was customary for the company to

mail out the pay-roll checks either on or after the 14th and the 26th days of each month. Thus, it will be seen that there was nothing unusual about the mailing of the last check to the claimant on or about January 14th. The only irregularity in connection therewith was the failure to make the customary notation on the stub showing the compensation period covered thereby. The treasurer did not write any letter to the claimant in connection with the mailing of the last check and did not request any final receipt. There is no showing in the record whether he had any knowledge as to the company being entitled to the final receipt.

The applicable statute, G. S. 1935, 44-528, reads as follows:

"At any time before but *not after the final payment* has been made under or pursuant to any award *or modification thereof agreed upon by the parties,* it may be reviewed by the commission upon good cause shown upon the application of either party, . . ." (Emphasis supplied.)

A recent case, wherein this court directly construed the above statute, is that of *Bailey v. Skelly Oil Co.,* 153 Kan. 378, 110 P. 2d 746. In the cited case the period during which payments should be made for partial temporary disability expired August 3, 1939. On August 1, 1939, a petition to review the award was filed. On July 31, the employer mailed its check to claimant for the final payment. He received it and cashed it on August 1. The petition for review of the award was heard by the commissioner on October 31 and on November 28 the commissioner denied the claimant further compensation. Claimant appealed to the district court and the court made an award for total disability beginning August 3, 1939, and expiring August 31 and for partial disability thereafter. On appeal to this court it was contended that the record in the cited case disclosed that the original award was not reviewed by the commissioner before final payment thereof. In such case this court held as follows:

"The point is well taken if the wording of the statute is to be followed. On behalf of appellee it is argued that if the petition for review and modification is filed with the commission before final payment the hearing may be had on the petition after final payment. No authority is cited in support of that view and our own research discloses none. . . . When final payment was accepted before the hearing on the petition the holding has been uniform that the commission was without authority to conduct the hearing and modify the previous award. (See *Yehle v. Stamey-Tidd Const. Co.,* 150 Kan. 440, 94 P. 2d 328; *Farr v. Mid-Continent Lead & Zinc Co.,* 151 Kan. 51, 98 P. 2d 437; *Jennings v. Aylward Production Co.,* 151 Kan. 142, 98 P. 2d 454, and cases cited in those opinions.) The view that the hearing and modification must be

before final payment is made, conforms to the statute. Its language is clear on that point. The rights of the parties to have a review and modification of a previous award are governed by statute; the court has no authority to say such a review and modification may be had under circumstances in addition to those named in the statute." (p. 380.)

Prior to the general revision of the compensation act in 1927 the words "but not after" were not contained in section 44-528. Even before such words were inserted this court held that the hearing for a modification òf an award must occur before the making of final payment. With knowledge of such holding before it, all that the legislature did in connection with the general revision was to emphasize our construction of the statute by inserting the phrase "but not after." Nothing was added which in any manner modified or created any exception to the plain and clear language of the statute. In such circumstances this court has no authority to read into the statute a meaning contrary to the amplified intent of the legislature and the rule of liberal interpretation of the compensation act will not permit us to exercise judicial ingenuity or to stretch the elasticity of language to the point of disregarding the simple unclouded provision of the statute. As was said in *Yehle v. Stamey-Tidd Const. Co.*, 150 Kan. 440, 94 P. 2d 328—"If final payment has been made, a complete finality is thereby reached, and no further proceedings can be entertained by the compensation commission." (p. 446.) Whenever a claimant accepts final payment of an award before the date set for hearing of a petition for review and modification he thereby divests the commission of any authority to review the award. The present case is an unquestionable example of an award as distinguished from an agreement, release of liability, or final receipt and as a consequence the provisions of G. S. 1935, 44-527, are not before us for consideration. Since it is our conclusion that the commissioner had no authority to consider the petition to review the award this opinion could be closed consistently at this point. However, counsel for claimant urge us to deliberate certain other elements which they contend are germane to jurisdiction and, consequently, we will examine such contentions.

Claimant's answer to respondent's motion to dismiss for want of jurisdiction set forth in substance that the claimant had been advised that his physical and mental condition had shown no improvement; that he still remained disabled from work; that he was examined by certain doctors who said that he was suffering

from a traumatic neurosis; that he was advised by his attorneys that he should under no circumstances accept the last payment under the existing award and that claimant fully understood that he was not to accept such final payment; that claimant had no education beyond the eighth grade; that his mind was upset; that he had never kept any written record of the payments; that claimant had never received any payments in advance under said award; that attorneys for the claimant had written attorneys for the respondent to the effect that they would be present on the date set for hearing; that the last check contained no mark indicating that it constituted the last payment and that claimant cashed said check under the belief that there was still further compensation yet to be paid under the award; that he was misled by the data contained on the stub and the fact that the check did not indicate that it was a final payment; that respondent did not intend that said last check should constitute final payment; that the same was accepted by claimant under mutual mistake of fact; and in the alternative that if the respondent intended said check to constitute final payment it was sent in bad faith with the intent to deceive the claimant and that therefore it should not be binding upon him.

Claimant's counsel assert that the evidence introduced in support of the foregoing answer establishes that there was no intention on the part of the respondent to tender final payment of compensation. The evidence of respondent's treasurer herein referred to negatives such a contention. At this point it may be prudent to note that the findings of the commissioner on any questions of fact based upon contradictory evidence are binding upon this court because the district court confirmed the findings of the commissioner. The journal entry to such effect reads as follows:

". . . . the court enters its judgment herein, affirming and approving the award of the Commissioner made upon the hearing on Claimant's Petition for Review, said judgment as contained in the written opinion of the court being in words and figures, as follows:

" 'I have carefully considered all evidence presented to me in the above entitled case, including exhibits and transcripts furnished by the Workmen's Compensation Commissioner, and am convinced that the holding of the examiner is correct.' "

Following such statement the journal entry reviews certain evidence and concludes that the petition for review was properly dismissed for the reason that the commission was without jurisdiction to grant further relief to the claimant. It must be conceded,

however, that the district court did review the evidence and sustained the findings of the commissioner. Regardless of such fact, however, claimant contends that the undisputed evidence shows that the manner in which respondent paid compensation to claimant was confusing and apparently calculated to mislead the claimant. We do not find in the record any evidence indicating a deliberate intent on the part of the respondent to mislead the claimant. The notation on the stub of the next to the last check which was sent to claimant clearly indicated that he was being paid compensation to January 10, 1945. The next and final check, in the amount of $38.62, obviously covered a two-week period beginning January 11th and expiring approximately two weeks later because claimant was being paid at the rate of $18 each week, and consequently could not have assumed that he was being paid compensation only to the date of the check, to wit: January 10, 1945. The notation on the previous check had been sufficient to advise him that he was paid compensation to and including such date. As hereinbefore stated, the stub on the last check was on the customary form and the word "compensation" was written thereon. Therefore, it is clear that the claimant could not have been misled into thinking that the respondent was making any gratuitous and voluntary contribution to him. The commissioner did not find that the claimant was misled by the circumstances and neither did the district court. No request was made by counsel for claimant that the commissioner or the district court make a special finding covering the point. In such circumstances this court could not supply such a finding of fact for the claimant and particularly is such true because the documentary evidence indicates that the claimant was not misled notwithstanding the fact that claimant testified to such a conclusion.

Counsel for claimant further contend, however, that the evidence is also undisputed that the claimant did not intend to accept final compensation. Obviously the provision of the statute would be entirely without substance and effect if a claimant could circumvent and avoid it by merely taking the stand and testifying that he did not intend to accept payment. The record is quite clear that counsel for claimant did not intend for him to accept payment because they had carefully cautioned the claimant against so doing and had written a letter to counsel for the respondent which clearly indicated that his counsel intended that the claimant would not accept the

final payment. Regardless of such admonition, however, the claimant did accept it. Such foregoing facts are used as a basis for the argument that claimant did not have sufficient mental capacity at the time to realize that he was accepting the final payment and such argument is further fortified by testimony of a psychiatrist to the effect that the claimant probably did not realize he was accepting the final payment. Such contentions are equivalent to asserting that the claimant at the time he accepted final compensation was mentally incompetent. G. S. 1943 Supp., 44-509, contemplates that a guardian should be appointed for a mentally incompetent person who has a claim under the compensation act. No effort was made to have a guardian appointed for the claimant. As herein set forth, claimant cashed the check on January 19. On the following February 16 he appeared and testified in his own behalf. Even if it should be contended that the claimant was mentally incompetent on the 19th of January and had regained his mental competency on February 16, the question of mental competency, nevertheless, would have been a question of fact and the jurisdiction of this court is limited to questions of law under G. S. 1935, 44-556. The evidence as to the claimant's mental competency in the present case was somewhat conflicting and neither the district court nor the commissioner found that claimant was mentally incompetent at any time. Incidentally it is quite evident that the legislature never intended that the provisions of the compensation act providing the time in which claims could be made or other remedies invoked under the compensation act could be nullified by merely showing that the claimant at the crucial moment had a lapse of memory or suffered from temporary mental confusion. There is no conclusive showing or finding in the present case which would release the claimant from responsibility for his act on the ground of mental incapacity. (See *Williams v. Cities Service Gas Co.*, 151 Kan. 497, at p. 503, 99 P. 2d 822, and cases there cited.) It may be observed again that G. S. 1935, 44-528, does not contain any exception exempting claimant from its operation in such circumstances.

Claimant's counsel assert that since the commissioner had jurisdiction of the subject matter of the controversy and of the parties before the time of the making of the final payment, the commissioner retained jurisdiction for the purpose of considering the foregoing circumstances under which the final payment was made. Even if such an assertion be sound, the record in the present case would not

justify a reversal of the trial court on the ground that claimant was mentally incompetent. Perhaps the triers of fact thought he was competent. There is evidence in the record which would support a finding to such effect.

Counsel for claimant also contend vigorously that the respondent, as a matter of law, did not have a right to tender final payment in advance of the due date and thereby shorten the period in which the petition to review the award could be heard. The argument is advanced that if such be permissible, it is equivalent to the allowance of a payment in a lump sum without the approval of the compensation commissioner in violation of G. S. 1935, 44-525, and contrary to G. S. 1935, 44-512, which provides that the payments shall be made at the same time, place, and in the same manner as wages of the workman were payable at the time of the accident subject to modification by the commissioner. In support of such contention claimant's counsel cite *City of Hapeville v. Preston,* 67 Ga. App. 350, 20 S. E. 2d 202; *Lumbermen's Mutual Casualty Co. v. McIntyre,* 67 Ga. App. 666, 21 S. E. 2d 446; and *Creighton v. Continental Co.,* 155 Pa. Super. 165, 38 A. 2d 337. Examination of the cited cases discloses that they are authority for rules to the effect that the purpose of compensation acts is to provide for compensation in lieu of wages and that it is the intention of such acts that the compensation should be paid as wages in such manner that it will not be dissipated by improvident expenditure or loss thereof by the workman, that he thereby may become dependent upon charity for support during the period of disability and that consequently an employer has no right by voluntarily anticipating payments to an employee, to shorten the period of the employer's liability. It is also contended that any payments made in advance are merely voluntary overpayments and that the employer is only entitled to credit for payments to an injured workman to the extent that such payments were due at the time of the making thereof (citing *McGhee v. Sinclair Refining Co.,* 146 Kan. 653, 73 P. 2d 39, and *Rupp v. Jacobs,* 149 Kan. 712, 88 P. 2d 1102).

In the present case the commissioner found that at a conference between claimant's attorneys and respondent's attorneys it was agreed that the "payments, instead of being made weekly would be made on the regular pay days of the company, semimonthly on the 10th and 26th." Claimant's counsel contend there is no evidence in the record to justify such a finding. We fail to find any direct testi-

mony on such an agreement but the claimant testified that it was customary for him to be paid wages twice each month. He denied, however, that he was ever paid wages in advance while he was working for the respondent. If the claimant's testimony was the only evidence in the record to support the making of an agreement between counsel for the respective parties relative to permitting payments to be made partly in advance and such advance payment had been made only in connection with the last payment, this court might be inclined to follow the authorities cited by counsel for claimant and hold that an employer could not shorten the period of liability by voluntarily advancing payment to the claimant but the record in the present case clearly discloses that practically all payments of compensation made to the claimant every two weeks covered a period during which the compensation was partially due and partially paid in advance. During the entire period covered by the award the checks which were accepted and cashed by the claimant paid him compensation partially in advance. Such acquiescence and ratification by the claimant of the manner of payment is rather convincing evidence that the parties in effect agreed to a slight modification of the terms of the award insofar as it provided for the making of payments as contemplated by G. S. 1935, 44-528. For the purpose of clarity the language of the statute is noted again:

"At any time before but not after the final payment has been made under or pursuant to any award *or modification thereof agreed upon by the parties,* it may be reviewed by the commission . . ." (Emphasis supplied.)

This court cannot say as a matter of law in this case that there was no evidence to substantiate the slight modification of the award. The payment was made pursuant to such modification. This court does not disagree necessarily with the general principles followed in the cases cited by claimant's counsel but they are not controlling in the present case because the facts do not justify their application.

The final contention on behalf of claimant is that the commissioner once having acquired jurisdiction to hear the petition for review and having fixed a date for hearing, retains jurisdiction and does not lose it by the subsequent tender and acceptance of the full amount payable under the original award. Such a contention is directly contrary to the construction which this court has given consistently to the statute and for the reasons herein set forth does not require further discussion. Diligent counsel for claimant also raise other points not discussed at length herein. Consideration has been

given to the same and they clearly do not establish any authority of the commissioner to modify the award after the final payment of compensation.

The judgment of the district court is affirmed.