No. 39,867

JERRY EDWARD JOHNSON, Minor, by G. M. Johnson, Father, Next Friend and Natural Guardian, *Appellant*, v. SNYDER CHEMICAL COMPANY, INC., and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, *Appellees.*

(290 P. 2d 1010)

Opinion filed December 10, 1955.

*George E. McCullough,* of Topeka, argued the cause, and *Robert L. Kimbrough,* and *Charles R. Escola,* both of Topeka, were with him on the brief for the appellant.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault,* and *Doral H. Hawks,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a proceeding under the workmen's compensation act. Unless otherwise indicated all references to that act are to chapter and section numbers as the act appears in the General Statutes of 1949.

On December 3, 1953, Jerry Edward Johnson filed his claim for compensation which showed his age was 19 years and that he sustained injuries on April 24, 1953. The application was set for hearing on January 8, 1954, and on the day of the hearing the application was amended to name claimant's father as his next friend and natural guardian for the purpose of prosecuting the claim.

At the hearing one of the issues was whether a written claim for

compensation was served as required by statute. The workmen's compensation commissioner found that claimant did not make written claim upon his employer within the time prescribed by the workmen's compensation act (44-520a) and an award of compensation was denied. The claimant appealed to the district court and following a hearing that court adopted the findings of the workmen's compensation commissioner, found that no claim for compensation was filed by the claimant within the time allowed by the law and that claimant was not entitled to compensation and it entered judgment accordingly. In due time, the claimant appealed to this court specifying as error that the trial court erred as a matter of law in ruling that a minor workman must file his claim for compensation within the 120 day period fixed by 44-520a, even though a guardian had not been appointed for his benefit as provided in 44-509, and in his brief he states the sole question is whether 44-509 applies to minor workmen as distinguished from minor dependents of deceased workmen, his contention being the last mentioned section of the statute includes a minor workman in that class who need not file a claim within the 120 day period. From the dates above mentioned it clearly appears the claim was not filed in the time prescribed by 44-520a and that claimant is barred unless excused by reason of 44-509.

In his brief the appellant makes an extensive review of the above section since its first enactment in 1911, and as it was amended in 1927 and 1939, directing attention to some of our decisions interpreting that section as it existed from time to time. In *Williams v. Cities Service Gas Co.*, 151 Kan. 497, 499, 99 P. 2d 822 (decided in 1940) the question presented was whether a claim by a minor dependent was filed in time under the provisions of G. S. 1935, 44-509. The opinion includes a review of the history of the statute from the date of its original enactment in 1911 up to the time of its amendment in 1939, to which reference is made. It is clear from that review that from 1927 to 1939 a claimant, whether an injured workman or a dependent of a deceased injured workman, was not excused from making claim within the time prescribed by G. S. 1935, 44-520a unless he were mentally incompetent. As is noted above, G. S. 1935, 44-509 was amended in 1939 (by Laws 1939, Ch. 213, § 1) and now appears as G. S. 1949, 44-509, and reads as follows:

"(a) In case an injured workman is mentally incompetent, or when death results from an injury in case any of his dependents, as herein defined is

mentally incompetent 'or a minor' at the time when any right, privilege, or election accrues to him under this act, his guardian may on his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent has no guardian."

It will be observed that under the statute just quoted it is provided that no limitation of time in which a claim for compensation must be filed pertains to two classes of persons, 1, an injured workman who is mentally incompetent, and 2, the dependents of a workman whose death resulted from injury. As to the latter class the claimant must be mentally incompetent or a minor.

Appellant concedes "The statute with strict construction of its wording tolls the period only to incompetent persons" but he asks why the phrase "or a minor" was inserted in the dependency clause of the statute, and argues that the legislature, in amending the 1939 act, intended to incorporate the phrase "or a minor" throughout the entire section so that it would serve the purpose of correcting injustice, and directing attention to the rule recently stated in *Bright v. Bragg,* 175 Kan. 404, syl. 6, 264 P. 2d 494, that this court is committed to the rule of liberal construction of the workmen's compensation act to award compensation to the workman where it is reasonably possible to do so, and that we should interpret the act as though its opening sentence read "In case an injured workman is mentally incompetent *or a minor . . .*"

Just what induced the legislature in 1939 to amend the statute as it did cannot be stated with certainty. The language used in the amendment was consistent with an attempt to take care of minor dependents even though they were not mentally incompetent, and to avoid the difficulties arising in circumstances such as were before this court in *Baxter v. Chicago, R. I. & P. Rly. Co.,* 139 Kan. 443, 32 P. 2d 451, and *Brenn v. City of St. John,* 149 Kan. 416, 87 P. 2d 546. However that may be, the workmen's compensation act is a creature of the legislature which has determined who is affected by the act, the conditions under which compensation is to be paid an injured workman or his dependents if he dies from his injuries, what notice of claim must be given and when. When the legislature sees fit to amend legislation passed by it and does so in language that is clear and unambiguous, this court exceeds its power if it attempts, by construction of that legislation, to extend the legislation, as the appellant here seeks to have us do. The language used by the legislature in its 1939 amendment is clear, and it would do

violence to ordinary grammatical construction to say that the phrase "or a minor" as used in that portion of the section pertaining to dependents of a deceased workman, refers in any manner to, or modifies in any particular, the clause "In case an injured workman is mentally incompetent . . ."

Although we do not base our opinion thereon, we do note that after the instant cause was decided below, and after appeal to this court was perfected, the legislature amended the above statute to provide "In case an injured workman is mentally incompetent or a minor . . ." etc. (Laws 1955, Ch. 250, § 3). The fact the amendment was made to include a minor workman is some indication he was not previously included as one to whom no limitation of time should run so long as he had no guardian.

As it is not mentioned in the briefs, we shall not discuss the fact the amendment of the claim included the father as the minor's next friend and natural guardian further than to note that was just as true on the date of the injury as on the date of the amendment, and if he were in any sense a guardian, the time had elapsed in which a claim could be filed, even if appellant's contention as to the construction of the statute were upheld.

The judgment of the district court is affirmed.