No. 40,273

MARY G. BEAVER, Widow of Murray H. Beaver, *Appellant*, v. TAMMANY INDUSTRIES and MARYLAND CASUALTY COMPANY, *Appellees.*

(304 P. 2d 501)

Opinion filed. December 8, 1956.

*Gerald L. Michaud,* of Wichita, argued the cause and *Ora D. McClellan, Harry E. Robbins, Jr., Carol V. Creitz, John B. Wooley,* and *Keith Sanborn,* all of Wichita, were with him on the briefs for the appellant.

*William P. Thompson,* of Wichita, argued the cause and *A. W. Hershberger, J. B. Patterson, Richard Jones, H. E. Jones, Jerome E. Jones* and *William E. Palmer,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, C. J.: This was a claim under the workmen's compensation act by a widow for compensation for the death of her husband. The workmen's compensation commission awarded her compensation. On appeal, the district court denied her any award. She has appealed.

The examiner heard the evidence. It was stipulated the only questions in issue were whether deceased sustained personal injury by an accident arising out of and in the course of the employment, the dependents, and the amount of compensation due, if any. After summarizing the evidence the examiner found the acci-

dent arose out of the employment of deceased by respondent; that claimant here was solely and wholly dependent on him and was entitled to compensation not to exceed $6,000. An award was made pursuant thereto. This award was approved by the workmen's compensation commissioner.

On appeal the district court on January 20, 1956, notified claimant by letter that compensation was denied for the reason the court found the evidence failed to prove deceased sustained a personal injury by accident arising out of his employment, which resulted in his death. The trial court further found deceased met his death at a time when he was at work in his employer's service. A journal entry was entered pursuant thereto on February 2, 1956. On January 27, 1956, claimant filed a motion requesting specific findings of fact that deceased's death was an accident which occurred in the course of his employment while he was at work in his employer's service; that the strain and activity of deceased caused by his duties as manager of Tammany Industries contributed to the heart condition that he had and aggravated the condition and very likely produced his death prior to the time it would have been had he not been under that strain; that there was no specific incident of trauma or exertion which precipitated the coronary occlusion, resulting in his death. The trial court overruled paragraphs one and two of the motion and sustained paragraph three. At the time the appeal was argued the trial court stated:

"As I recall these cases, there is usually proof of some event in connection with the heart attack in the way of trauma. What do you say to that . . .?"

Counsel stated in part:

"We claim the man's breakdown was caused by physical strain, worry and overwork . . ."

At the time the motion for specific findings of fact was argued the trial court stated:

"I specifically found that the deceased did not sustain personal injuries by accident arising out of the employment."

Counsel stated in part: "All we showed was mental strain."

The court then stated:

"That is right. You didn't show any connection with the employment and the evidence that the strain from his work precipitated his attack was very questionable."

The specifications of error are the trial court erred in ruling that the claim for compensation should be denied; in ruling that de-

ceased did not sustain personal injury by accident arising out of his employment, which resulted in his death and in its conclusion of law that there was no specific incident of trauma or exertion, which precipitated the coronary occlusion resulting in the death of deceased, and, therefore, he did not suffer a personal injury by accident arising out of his employment.

Claimant states the question to be—In order to prove personal injury by accident arising out of a workman's employment, is it necessary to prove a specific incident of exertion or trauma at the time the workman's physical structure gives way under the stress of his usual duties?

We must now pay some attention to the evidence before the examiner. Deceased was the general manager of Tammany Industries. His duties consisted of keeping the shop running, getting contracts, seeing that contracts were filled, setting up machines, seeing that the company was getting contracts enough to meet the payrolls, arranging for the sale of their products, and obtaining contracts. He died on January 6, 1953. That morning he got up about 4:30 because he could not sleep; he was at work that morning when the workmen came to work; and he gave instructions about the work. A witness saw him about 8:00 o'clock and again about 9:00 or 9:30. At that time he said he was going down town. He called some one at the plant that morning about ten o'clock. When he came back between 11:00 and 12:00 he leaned against the doorsill and said he was ill. He did look sick.

The witness helped him into his own office and to lie down on the floor. Soon after, he heard deceased choking and called the ambulance which arrived quickly and took deceased to the hospital. He died soon thereafter.

There was testimony by a doctor that he had examined deceased on the occasion of his having had a heart attack in Kansas City on October 23, 1952. He testified that deceased gave him a history of having had a previous attack which lasted about forty-five minutes; that he had a condition of parxysmal tachycardia or rapid heart. He was permitted to testify as to the history deceased gave him at this time, that is, that he worked under very trying conditions, was nervous and pushed, was having difficulty getting things done and was overworking; that the doctor took it to be the nature of his work that was producing the attacks. He told him if he didn't quit it it would get him one of these times. The doctor ad-

vised him to take things easy and slow down and get his sleep and rest. In response to a hypothetical question the doctor was permitted to testify that in his opinion the work and worry of the job had brought on the attacks of paroxysmal tachycardia, which were a forerunner of the thing which caused his death.

In addition to the above there was conflicting evidence as to the job, whether deceased actually worried, how hard he actually worked, how much responsibility he carried, his personal habits and other matters not necessary to detail here. A noteworthy circumstance was that there was a period of time on the day of his death between 10:00 o'clock and noon when no one seems to have known where deceased was.

The evidence has been set out in rather unusual detail because of the argument made by claimant.

She first refers to statements in which we have stated the purpose of the compensation act to be to burden industry with the economic loss to a workman or his dependents resulting from accidental injuries sustained by the workman arising out of and in the course of his employment (See *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 211 P. 2d 89); that the act was to be liberally construed in favor of the workman. (See *Williams v. Cities Service Gas Co.,* 151 Kan. 497, 99 P. 2d 822.) All these rules are so well established as to be truisms.

There is a definite provision of the statute we must consider. G. S. 1949, 44-556 is the section which provides for appeals in compensation cases. After providing for an appeal from the commissioner to the district court the act contains a proviso as follows:

"*Provided,* That any party to the proceedings may appeal from any findings or order of the district court to the supreme court on questions of law."

We have many times held that whether a judgment is supported by substantial, competent evidence is a question of law as distinguished from a question of fact. (See *Hill v. Etchen Motor Co.,* 143 Kan. 655, 56 P. 2d 103.)

Actually the effect of claimant's argument is that we should consider the claimant's evidence, especially that of the doctor, and conclude that it compels as a matter of law a finding deceased sustained personal injury by accident arising out of his employment, which resulted in his death. In view of this entire record and all the surrounding facts and circumstances, we cannot reach such a conclusion. We have examined the authorities where under some-

what analogous circumstances we have affirmed judgments for claimants. They are all cases where the trial court has held for the claimant and we have held there was substantial evidence to sustain such a finding. We refrain from saying here what would have been our holding had the trial court found for the claimant here.

Claimant misstated the question as already set out in this opinion. We do not under this record reach the question of the necessity to prove a specific incident of trauma at the time the workman's physical structure gave way under the stress of his usual duties. We have heretofore dealt with that question and we had considered it settled. (See *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793; *Riggs v. Ash Grove Lime & Portland Cement Co.*, 131 Kan. 244, 289 Pac. 410; *Carney v. Hellar*, 155 Kan. 674, 127 P. 2d 496; *Peterson v. Safeway Stores*, 158 Kan. 271, 146 P. 2d 657; *Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 163 P. 2d 402; *Workman v. Johnson Bros. Construction Co.*, 164 Kan. 478, 190 P. 2d 863; *Earhart v. Wible Ice & Cold Storage Co.*, 150 Kan. 695, 95 P. 2d 366; *Hill v. Etchen Motor Co.*, 143 Kan. 655, 56 P. 2d 103; also *Pinkston v. Rice Motor Co., et al.*, decided in October 1956.)

The only question we have is whether there was substantial evidence to sustain the trial court's finding that the evidence failed to prove that deceased sustained personal injury by accident arising out of his employment.

This question must be answered in the affirmative.

The judgment of the trial court is affirmed.